STARKEY et al., Appellants,

v.

CHO et al., Appellees. █ (Eight Cases.)

[Cite as *Starkey v. Cho* (1990), 69 Ohio App.3d 763.]

Court of Appeals of Ohio,
Franklin County.

Nos. 90AP–20, 90AP–21, 90AP–31, 90AP–32, 90AP–40, 90AP–62, 90AP–179 and 90AP–189.

Decided Oct. 11, 1990.

*Kreiner & Peters Co., L.P.A.,* and *James N. Curzan,* for Maxicare/HealthAmerica Ohio.

*Anthony J. Celebrezze, Jr.,* Attorney General, *Susan M. Sullivan* and *M. Celeste Cook,* for Department of Natural Resources.

*Rubin Guttman Co., L.P.A., Rubin Guttman* and *James E. Burns,* for Kum Cha Starkey et al.

*Meyers, Hentemann, Schneider & Rea Co., L.P.A.,* and *Lynn A. Lazzaro,* for Kyong Sook Cho et al.

*Gallagher, Sharp, Fulton & Norman, James G. Gowan* and *Michael E. Ritch,* for Canteen Corporation.

---

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of Kum Cha Starkey et al., plaintiffs, from the separate decisions of the Ohio Court of Claims which granted judgment in favor of the Ohio Department of Natural Resources ("ODNR") and Canteen Corporation ("Canteen").

This lawsuit arose out of an accident that occurred on May 26, 1986, at Salt Fork State Park in Cambridge, Ohio. Kyong Sook Cho ("Mrs. Cho") was operating a 1978 Ford station wagon. Mrs. Cho drove the car off a parking area near ODNR Route 18, and proceeded down a hill and struck Brian James Allen and Christopher Starkey, plaintiffs. Both boys suffered extensive physical injuries.

The suits were originally brought on/or about April 13, 1987, in the Cuyahoga County Court of Common Pleas, against Canteen, Mrs. Cho and ODNR. The court granted the state's motion to dismiss because an action against the state must be brought in the Ohio Court of Claims.

Thereafter, plaintiffs instituted a new action in the Court of Claims against ODNR alleging that the state had been negligent in the design, construction and maintenance of the parking area in front of the cabins and that this negligence was the direct and proximate cause of the plaintiffs' injuries.

Canteen filed a third-party complaint against ODNR in the court of common pleas for indemnification against the state. This action, and another case filed by Maxicare, Inc., a subrogated health insurer of one of the plaintiffs, against Canteen, were transferred to the Court of Claims and consolidated with plaintiffs' action against ODNR.

The court ordered that the issue be bifurcated and that a trial to the court would be held on the issue of the state's liability. Plaintiffs' motion to join all issues was overruled.

On September 18, 1989, the trial commenced against the state on the issue of liability. On December 8, 1989, the court issued its decision finding that ODNR was not liable to plaintiffs ("Decision I"). Based on this finding, the court also concluded that Canteen had no right to indemnification from the state.

Based upon Decision I, Canteen moved the court for summary judgment, arguing that the court had ruled on the substantive issues relating to the design, construction and maintenance of the parking area in question, and that collateral estoppel precluded relitigation of the issues. On January 26, 1990, the court granted Canteen's motion and entered judgment against plaintiffs ("Decision II").

Plaintiffs timely filed notices of appeal from both Decision I and Decision II. Canteen has also filed a notice of appeal from Decision I, based on the court's finding that Canteen had no right to indemnification from ODNR.

Plaintiffs' appeal sets forth the following eight assignments of error:

"Assignment of Error No. 1

"The Court of Claims erred as a matter of law in holding that the state, even though it was operating a pay-for-use lodge, cabin, and recreational facility, was not subject to the same rules of law applicable to private parties engaged in the same activity.

"Assignment of Error No. 2

"The Court of Claims erred as a matter of law in holding that plaintiffs' claims based upon negligent design and construction accrued when the park was designed and built and that those claims were barred by the doctrine of sovereign immunity.

"Assignment of Error No. 3

"The trial court erred as a matter of law in finding that ODNR had no continuing duty to safely maintain the parking area beyond maintaining the area as built.

"Assignment of Error No. 4

"The Court of Claims' findings that the state was not negligent was against the manifest weight of the evidence and contrary to the holding of the supreme court in *Holdshoe v. Whinery.*

"Assignment of Error No. 5

"The Court of Claims' ruling that the negligence of Mrs. Cho was the sole proximate cause of plaintiffs' injuries was contrary to the manifest weight of the evidence and contrary to law.

"Assignment of Error No. 6

"The Court of Claims['] rulings that the state was not negligent were legally void because they were made in excess of the court's own stated jurisdiction.

"Assignment of Error No. 7

"The court erred as a matter of law in entering summary judgment on plaintiffs' claims against Canteen Corporation based upon collateral estoppel where the court had previously ruled that it lacked jurisdiction over the subject matter of plaintiffs' claims and where there had been no prior binding findings of fact necessary to the determination of the issues before the court.

"Assignment of Error No. 8

"The court erred as a matter of law in entering summary judgment on plaintiffs' claims against Canteen Corporation where there were genuine issues of material fact and Canteen was not entitled to judgment as a matter of law."

Canteen's appeal sets forth the following sole assignment of error:

"I.   The Court of Claims erred as a matter of law in its ruling that state of Ohio Department of Natural Resources has no duty to indemnify or contribute to any judgment against defendant-appellant Canteen Corporation."

Mrs. Cho and her husband, Jong K. Cho, have also filed a notice of appeal in this case asserting the following four assignments of error:

"Assignment of Error No. 1

"The Court of Claims' ruling that the negligence of Mrs. Cho was the sole proximate cause of plaintiffs' injuries exceeded the authority it set for itself in its pretrial order limiting the first trial to the issue of liability as to the state of Ohio only.

"Assignment of Error No. 2

"The Court of Claims exceeded its statutory authority in issuing a finding relative to the liability of Mrs. Cho without according Mrs. Cho the right to present her case in court before a jury.

"Assignment of Error No. 3

"The Court of Claims erred as a matter of law in failing to hold a jury trial on the issue of the defendants Chos' liability, or, in the alternative, by failing to remand plaintiffs' complaint against the defendants, Kyong Sook Cho and Jong K. Cho, back to the court of common pleas.

"Assignment of Error No. 4

"The Court of Claims denied the Chos due process of law in making a ruling on their liability without affording them appropriate notice and a hearing on the issue of their liability and its judgment is, therefore, void as a matter of law and of no effect."

This court will first address plaintiffs' assignments of error.  Plaintiffs' fifth assignment of error addresses the same issue as the four assignments of error raised by the Chos; therefore, the Chos' four assignments of error will

be addressed at the same time this court addresses plaintiffs' fifth assignment of error. Likewise, the sole assignment of error set forth by Canteen raises the same issues as are raised by plaintiffs' seventh and eighth assignments of error. Therefore, Canteen's sole assignment of error will be addressed at the same time that this court addresses plaintiffs' seventh and eighth assignments of error.

In the second assignment of error, plaintiffs maintain that the trial court erred in holding that plaintiffs' claims against ODNR based upon negligent design and construction accrued when the park was designed and built and that those claims were barred by the doctrine of sovereign immunity. Likewise, in the sixth assignment of error, plaintiffs argue that the court's findings with respect to the design and construction of Salt Fork State Park are void because those findings were made in excess of the court's stated jurisdiction.

Plaintiffs direct this court's attention to pages 6–7 of Decision I, wherein the trial court states that " * * * [t]he acts of DNR having occurred before the creation of this court and before the effective date of the State's abrogation of its sovereign immunity, there is no jurisdiction in this court by which plaintiffs may maintain that portion of their action." Furthermore, the trial court went on to state that " * * * because the acts of design and construction occurred prior to the abrogation of sovereign immunity, plaintiffs are precluded from bringing such an action by the doctrine of sovereign immunity then applicable to causes of action between the state and private parties. * * * "

The trial court did err in holding that plaintiffs' claims arising from the negligent design and construction of the parking area accrued when the park was designed and built. "When negligence does not immediately result in damages, a cause of action for damages arising from negligent construction does not accrue until actual injury or damage ensues." *Velotta v. Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St.2d 376, 23 O.O.3d 346, 433 N.E.2d 147, paragraph two of the syllabus. See, also, *Sedar v. Knowlton Constr. Co.* (1990), 49 Ohio St.3d 193, 551 N.E.2d 938. This principle was impliedly recognized by this court in *Burns v. Ohio Dept. of Transp.* (1987), 39 Ohio App.3d 126, 529 N.E.2d 1283. Plaintiffs' lawsuit was clearly brought within the two-year statute of limitations from the time this action accrued on May 26, 1986, when plaintiffs' suffered their injuries.

Although the trial court misstated the law with respect to sovereign immunity, the trial court did accept evidence on and did rule on whether or not the state was negligent in the design and construction of Salt Fork State

Park. In reference to the court's determination that sovereign immunity barred plaintiffs' action, the trial court stated as follows on page 7:

" * * * The then applicable law, which is also the law at the present time, immunized the State for governmental planning decisions and actions, which the design of a state park is. See discussion *infra.*"

Therefore, although the trial court misstated the law with respect to sovereign immunity, the trial court, nevertheless, did fully evaluate and consider plaintiffs' cause of action against ODNR based upon negligent design and construction of the park. Accordingly, because the plaintiffs cannot demonstrate any error from the trial court's misstatement of the law with respect to sovereign immunity, plaintiffs' second and sixth assignments of error are not well taken and are overruled.

Plaintiffs' first and fourth assignments of error are interrelated and will be addressed together. The crux of plaintiffs' argument is that the trial court did not apply the correct law in determining whether or not the state was liable for the injuries suffered by plaintiffs.

In *Reynolds v. State* (1984), 14 Ohio St.3d 68, 14 OBR 506, 471 N.E.2d 776, the Ohio Supreme Court stated as follows, at paragraph one of the syllabus:

"The language in R.C. 2743.02 that 'the state' shall 'have its liability determined * * * in accordance with the same rules of law applicable to suits between private parties * * *' means that the state cannot be sued for its legislative or judicial functions or the exercise of an executive or planning function involving the making of a basic policy decision which is characterized by the exercise of a high degree of official judgment or discretion. However, once the decision has been made to engage in a certain activity or function, the state may be held liable, in the same manner as private parties, for the negligence of the actions of its employees and agents in the performance of such activities."

The trial court found that the decision to create a state park out of land owned by the state, including any policy formulations needed to implement the decision, is the kind of executive planning function requiring a high degree of official judgment and discretion for which the state remains immune. Therefore, certain policy decisions, such as the decision to place parking areas on the same side of the road as the cabins so as to minimize pedestrian crossings and the policy to maintain the natural environment of the area as much as possible, are decisions for which the state remains immune. However, it must be remembered that once the decision is made to engage in a certain activity or function, the state may be held liable for the negligence of the actions of its

employees and agents in the performance of such activities. Accordingly, the state still must be responsible.

The standard to be applied for private parties who are owners of land is set forth in *Holdshoe v. Whinery* (1968), 14 Ohio St.2d 134, 43 O.O.2d 240, 237 N.E.2d 127. The Ohio Supreme Court stated the law as follows in paragraphs two, three and four of the syllabus:

"2. The owner and occupier of land is not an insurer of the safety of the patrons whom he invites on his land.

"3. The owner and occupier of land, who holds out such land as a recreation area to the public and invites the public to use such land and charges a rental fee for the use of picnic tables located in such recreation area, owes a duty to such invitees to exercise ordinary care to maintain the land in a reasonably safe condition for the protection of such invitees.

"4. Such an owner and occupier of land breaches his duty to invitees who are injured by the negligent acts of third persons, where such owner and occupier fails to exercise reasonable care to discover that such negligent acts of third persons are being done or are likely to be done and fails to give a warning adequate to enable such invitees to avoid harm, or fails to act to protect such invitees against such negligent acts of third parties."

Plaintiffs argue that the way in which the trial court distinguished the present case from the *Holdshoe* case indicates further that the trial court applied incorrect standards in reaching its decision that ODNR was not negligent. However, although one of the reasons stated by the trial court distinguishing *Holdshoe* in the present case is immaterial, the fact of the matter is that the present case is readily distinguishable from the *Holdshoe* case.

Several factors distinguish the *Holdshoe* case from the case at bar. The first consideration is the procedural posture of the instant case. Here, the trial court rendered its decision at the close of the trial. Evidence was presented by all parties concerning the alleged negligence of ODNR. Based on the presentation of the evidence, the trial court concluded that ODNR was not negligent in the design and construction of the park and was not negligent in the maintenance of the park. In *Holdshoe,* a motion for a directed verdict was granted against the plaintiff and in favor of the defendant landowner. No evidence, whatsoever, was before the trial court when the decision in *Holdshoe* was made.

Secondly, in *Holdshoe,* there had been a previous accident of a similar type which resulted in damage to one of the defendant's cottages. The court considered the failure to provide against a similar incident to be most

significant.  In the present case, it is undisputed that there had been no such similar accidents at cabin No. 3 area, or in Salt Fork State Park as a whole, or even in any other state-owned park anywhere in Ohio.  Plaintiffs contend that ODNR had knowledge that some of their guests did not park exactly parallel in front of the cabin areas.  Therefore, plaintiffs maintain that ODNR should have realized that, at some point in time, a car would have been parked in such a manner that the negligence of the driver would have caused that car to roll down the hill and injure someone in the cabin area.  However, plaintiffs' evidence does not indicate that such an accident was reasonably foreseeable.

Lastly, the *Holdshoe* court focused a great deal of attention upon the failure of the landowner to provide any reasonably safe parking accommodations for his guests.  In *Holdshoe*, the landowner failed to take any precautions against any foreseeable event.  However, in the present case, ODNR did take reasonable steps to provide reasonable parking for the guests in the cabin area.  One policy decision of ODNR was to place such parking on the same side of the street as the cabins in order to decrease the number of people who would have to be crossing the roads in front of the traffic.

A landowner is not an insurer against all potential negligence of third parties.  Likewise, the state is not an absolute insurer against all possible negligence of third parties.  In the present case, ODNR did provide reasonable parking accommodations and acted prudently in light of the foreseeable events and, therefore, liability cannot be imposed upon ODNR.

Accordingly, plaintiffs' first and fourth assignments of error are not well taken and are overruled.

In the third assignment of error, plaintiffs argue that the trial court erred as a matter of law in finding that ODNR had no continuing duty to safely maintain the parking area beyond maintaining the area as it was built.  Quoting from *Perry v. Eastgreen Realty Co.* (1978), 53 Ohio St.2d 51, 7 O.O.3d 130, 372 N.E.2d 335, plaintiffs maintain that the court should have applied the following standard:

" 'The occupier is not an insurer of the safety of invitees, and his duty is only to exercise reasonable care for their protection.  But the obligation of reasonable care is a full one, applicable in all respects, and extending to everything that threatens the invitee with an unreasonable risk of harm.  The occupier must not only use care not to injure the visitor by negligent activities, and warn him of latent dangers of which the occupier knows, but he must also inspect the premises to discover possible dangerous conditions of which he does not know, and take reasonable precautions to protect the invitee from dangers which are foreseeable from the arrangement or use.  The obligation extends to the original construction of the premises, where it

results in a dangerous condition.' Prosser on Torts (4 Ed.), 392–93 (1971). * * * "

Plaintiffs' contention that the trial court found that ODNR only had the duty to maintain the parking area as it was originally designed and constructed misconstrues the trial court's finding. A thorough reading of Decision I, as opposed to the mere isolation of one sentence, indicates that the trial court stated that the state had the duty to maintain the parking areas as originally designed and constructed unless the state knew or should have known that some aspect of the original design posed a foreseeable risk of harm to the campers.

In fact, the record reveals that ODNR did not simply maintain the parking area as it was originally designed and constructed. ODNR established a system whereby changes or modifications would be made to an area once it was brought to its attention that there was a particular problem in the park. For example, the record reveals that because of problems with respect to a certain curved road in the park, where cars had difficulty navigating the curve, guardrails were placed there in order to prevent any further accidents. The evidence was uncontroverted that there had not been any similar accidents of this nature in Salt Fork State Park, or, for that matter, in any state park in the state of Ohio. Likewise, the evidence reveals that no one from ODNR had been made aware that there was any major problem with driver confusion in the parking area surrounding cabin No. 3.

The trial court did apply the proper standard in this matter. Accordingly, plaintiffs' third assignment of error is not well taken and is overruled.

In plaintiffs' fifth assignment of error, plaintiffs argue that the trial court's ruling that the negligence of Mrs. Cho was the sole proximate cause of plaintiffs' injuries and was contrary to the manifest weight of the evidence and contrary to law. The four assignments of error filed by defendants Mr. and Mrs. Cho also deal with the issue of the negligence of Mrs. Cho and will, therefore, be addressed simultaneously. In a civil action, an appellate court may not find a judgment to be against the manifest weight of the evidence, if such judgment is supported by some competent credible evidence. See *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578; *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 10 OBR 408, 461 N.E.2d 1273.

This court has already determined that the trial court did not err in its determination that the parking area was reasonable as designed and that ODNR was not negligent for not having made alterations in the parking area. The evidence before the trial court concerning Mrs. Cho's actions immediately preceding the accident is conflicting and this court does not believe that the

actual reality of the situation can ever be determined. Mrs. Cho has given several different explanations as to what happened on that day. First, Mrs. Cho informed the police that she was not in the automobile when it proceeded down the hill and struck the children. She stated that she saw the car, unoccupied, roll down the hill and strike the two children. Second, through her husband, Mr. Cho, Mrs. Cho told the police that she had attempted to put the car into reverse, looked back over her shoulder to back up, noticed that the car was moving forward, and may have stepped on the accelerator instead of the brake. Third, Mrs. Cho later informed the police that she had indeed put the car into reverse; however, the car stalled and began to roll forward. Mrs. Cho was unable to apply the brakes strongly enough to stop the car before it struck the two children.

There simply is no way to recreate this accident and know for certain what transpired at the time that the two boys were injured. This court cannot second-guess the factual determination made by the trial court, particularly in view of the conflicting testimony, that the state was not negligent and that the negligence of Mrs. Cho was the proximate cause of the accident.

Accordingly, plaintiffs' fifth assignment of error is not well taken and is overruled.

The essence of the assignments of error filed by the Chos is that the trial court could not properly have made a finding that Mrs. Cho's negligence was the sole proximate cause of plaintiffs' injuries, because Mrs. Cho was not a party to the proceedings. The trial court had bifurcated the proceedings and, as such, was ruling only on the alleged negligence of the state of Ohio. However, in order for the trial court to determine that ODNR was not negligent and that none of ODNR's actions was the proximate cause of plaintiffs' injuries, the trial court rightfully determined, pursuant to the evidence presented, what the proximate cause of plaintiffs' injuries was. As such, the trial court concluded that Mrs. Cho's negligence was the proximate cause of the plaintiffs' injuries. However, the trial court's decision is not binding upon the Chos in any subsequent proceeding. *Tschantz v. Ferguson* (1989), 49 Ohio App.3d 9, 550 N.E.2d 544.

Accordingly, the four assignments of error filed by the Chos are not well taken and are also overruled.

Canteen's sole assignment of error asserts that the trial court erred in ruling that ODNR has no duty to indemnify or contribute to any judgment against Canteen. In their seventh and eighth assignments of error, plaintiffs argue that the trial court erred as a matter of law in entering summary judgment on plaintiffs' claims against Canteen based upon collateral estoppel

where the court had previously ruled that it lacked jurisdiction over the subject matter and where there were genuine issues of material fact such that Canteen was not entitled to judgment as a matter of law. These three assignments of error will be addressed together.

In order for the trial court to completely dispose of this litigation, with respect to the potential liability of ODNR, the trial court, by necessity, had to determine whether or not ODNR would be liable to indemnify Canteen in the event that Canteen was found liable for the injuries sustained by plaintiffs. Canteen argues that, because ODNR had primary responsibility for the roadways, including the parking area in question, ODNR should be liable to Canteen for any judgment rendered against Canteen. Canteen appears to argue that ODNR should have become aware that there was a problem in the parking area in front of the cabins. However, the trial court concluded, and this court agrees, that ODNR was not in a position where it should have known that there was a problem in this parking area and, indeed, ODNR did not know that there was a problem, if in fact a problem existed.

ODNR was correctly found not to be liable for the injuries which occurred to plaintiffs. Therefore, ODNR would have no duty to indemnify or to contribute to Canteen in the event that Canteen was to be found liable for the injuries sustained by plaintiffs.

Accordingly, Canteen's sole assignment of error is not well taken and is overruled.

Pursuant to R.C. 2743.03(E)(2), the Court of Claims has the authority to adjudicate all civil actions which are removed to the court and the discretion to remand a civil action to the court in which it originated upon a finding that the state is no longer a party. Therefore, the trial court had jurisdiction and authority to rule on Canteen's motion for summary judgment. Whether or not such judgment is *res judicata* in a subsequent litigation is not a matter properly before this court at this time.

Accordingly, plaintiffs' seventh and eighth assignments of error are not well taken and are overruled.

Based on the foregoing, plaintiffs' assignments of error are not well taken and are overruled; Canteen's sole assignment of error is not well taken and is overruled; and, the Chos' assignments of error are not well taken and are overruled. The judgments of the Ohio Court of Claims are affirmed.

*Judgments affirmed.*

REILLY, P.J., and CIRIGLIANO, J., concur.

JOSEPH E. CIRIGLIANO, J., of the Ninth Appellate District, sitting by assignment.