DECISION.
Defendant-appellant Keith Wilson, M.D., was a faculty member of the University of Cincinnati College of Medicine, Department of Otolaryngology. The University of Cincinnati, as a state university, is an instrumentality of the State of Ohio. See R.C. 3345.011. Wilson's duties as an assistant professor included teaching, engaging in research, and providing medical services at the clinic and hospital of the University of Cincinnati. As a condition of his employment with the University of Cincinnati, Wilson was required to participate in the departmental faculty practice plan, defendant-appellant University Ear, Nose Throat Specialists, Inc. ("UENTS"), which provided patient care at the university's clinic and hospital, the University of Cincinnati Medical Center.
Plaintiff-appellee Pamela Jennings was treated by Wilson through the University of Cincinnati Medical Center. On March 30, 1995, Jennings filed a lawsuit in the Ohio Court of Claims against the "State of Ohio through the University of Cincinnati d/b/a University of Cincinnati Medical Center." Jennings alleged medical malpractice, negligence, assault and battery, and lack of informed consent in regard to the care rendered by Wilson and two resident physicians of the University of Cincinnati Medical Center.
The Court of Claims held a hearing to determine whether Wilson was entitled to personal immunity under R.C. 9.86
and 2743.02(F). R.C. 9.86 provides:
 Except for civil actions that arise out of the operation of a motor vehicle and civil actions in which the state is the plaintiff, no officer or employee shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.
This section does not eliminate, limit, or reduce any immunity from civil liability that is conferred upon an officer or employee by any other provision of the Revised Code or by case law. This section does not affect the liability of the state in the court of claims pursuant to Chapter 2743. of the Revised Code.
R.C. 2743.02(F) provides:
A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of his employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action.
The filing of a claim against an officer or employee under this division tolls the running of the applicable statute of limitations until the court of claims determines whether the officer or employee is entitled to personal immunity under section9.86 of the Revised Code.
Wilson was never made a party to the action in the court of claims. The court of claims determined that Wilson was not entitled to immunity. The decision of the court of claims was not appealed.
On February 19, 1998, Jennings filed a complaint in the Hamilton County Court of Common Pleas against Wilson and UENTS, raising the same allegations that she had raised in the court of claims. Wilson and UENTS filed a motion to dismiss, or in the alternative a motion for summary judgment, alleging that Wilson was immune from liability under R.C. 9.86 and 2743.02(F). Wilson argued that the common pleas court was not bound by the court of claims' determination that Wilson was not entitled to immunity. Wilson argued that the common pleas court had jurisdiction to determine whether Wilson was acting within the scope and course of his state employment while treating Jennings.
The common pleas court denied the defendants' motion. Wilson and UENTS filed a motion for clarification of the common pleas court's decision. The common pleas court clarified its decision, holding that the decision of the court of claims determining that Wilson was not entitled to immunity was binding on the common pleas court, and that the common pleas court had no jurisdiction to entertain the question of the immunity of Wilson or UENTS. Wilson and UENTS have appealed. We have sua sponte removed this case from the accelerated calendar and placed it on the court's regular calendar.
The sole assignment of error alleges:
The trial court erred to the prejudice of defendants-appellants by holding that the immunity determination of the court of claims was binding upon them and by holding that defendants-appellants may not argue their civil liability pursuant to Ohio Revised Code Sections 9.86 and 2743.02(F) in the court of common pleas.
Pursuant to R.C. 2743.02(F), a plaintiff who has a potential claim against the State of Ohio resulting from a state officer's or employee's conduct must first file suit in the court of claims for a determination of the state's liability. See Conley v. Shearer (1992), 64 Ohio St.3d 284, 595 N.E.2d 862. The court of claims must determine whether the state is free of liability before an individual action can be pursued against the state officer or employee in the court of common pleas. Id. The court of claims' determination on the issue of the officer's or employee's immunity under R.C. 9.86 is not binding in the court of common pleas action if the state officer or employee was not a party to the action in the court of claims. See Tschantz v. Ferguson (1989), 49 Ohio App.3d 9, 550 N.E.2d 544; Landes v. Ohio State Univ. Hosps. (Nov. 20, 1997), Franklin App. No. 97AP105-739, unreported.
In Tschantz v. Ferguson, supra, Tschantz filed suit against Ferguson, the Auditor of the State of Ohio, in the Cuyahoga County Court of Common Pleas. After the common pleas court dismissed the case, Tschantz filed an action in the court of claims against both the state and Ferguson. Ferguson was dismissed as a party, because R.C. 2743.02(E) provides that the State of Ohio is the only proper defendant in a court of claims action. The court of claims determined that Ferguson was not entitled to immunity. The Tenth District Court of Appeals held that the decision of the court of claims was not binding upon Ferguson in a subsequent action, because Ferguson had not been a party to the action in the court of claims. Citing Goodson v. McDonough Power Equip., Inc. (1983), 2 Ohio St.3d 193,443 N.E.2d 978, the Tschantz court noted that "in order for a prior judgment to be binding on an individual as to estop that person from relitigating an issue arising out of the previous action, mutuality of parties is required." Only parties or those in privity with a party to the original action are bound by a judgment. See Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379,653 N.E.2d 226; In re Galbraith (1987), 32 Ohio St.3d 127,512 N.E.2d 956.
In Landes v. Ohio State Univ. Hosps., supra, Landes filed an action in the court of claims against the Ohio State University Hospitals, alleging medical negligence, assault, and negligent infliction of emotional distress. Landes also filed suit in the Franklin County Court of Common Pleas against the hospital's physician-employee. The common pleas court stayed the action, pending an immunity determination by the court of claims. The employee filed a motion to intervene in the court of claims action that was overruled. The court of claims allowed the employee to participate in the immunity hearing. The court of claims held that the employee was not entitled to immunity. The employee attempted to appeal the decision of the court of claims. The Tenth District Court of Appeals dismissed the employee's appeal, holding that the employee was not entitled to appeal the court of claims' judgment because he was not a party to the proceeding in the court of claims. The Landes court held that mere participation in the immunity hearing did not give the employee party status. Further, the Landes court held that because the employee had not been a party to the action in the court of claims, he would not be bound by its determination as to his immunity in a subsequent action in the common pleas court.
It was held in Starkey v. Cho (1990), 69 Ohio App.3d 763,591 N.E.2d 1271, that the court of claims' determination that the proximate cause of the plaintiff's injuries was the conduct of an individual who was not a party to the court of claims action, and not the conduct of the state employee, was not binding on the nonparty in a subsequent action. Cf. Balson v. Ohio State Univ. (1996), 112 Ohio App.3d 33, 677 N.E.2d 1216 (holding that a state employee who had been made a party to the court of claims action had standing to appeal the court of claims' decision and was bound by that judgment); Nichols v. Villarreal (1996), 113 Ohio App.3d 343,680 N.E.2d 1259 (holding that the determination of the court of claims that state employees were not entitled to immunity was binding in a subsequent action where the employees had been made parties to the court of claims action through removal jurisdiction).
Neither Wilson nor UENTS was a party to the action in the court of claims. Wilson was not afforded the status of a party by virtue of his involvement in the immunity hearing. See Landes v. Ohio State Univ. Hosps., supra. Neither Wilson nor UENTS was in privity with the state with respect to the immunity determination in the court of claims, because they did not succeed in interest or relationship to the same property rights, nor were they so identified in interest with the state that they represented the same legal right. See Columbus v. Union Cemetery Assn. (1976), 45 Ohio St.2d 47, 341 N.E.2d 298; Bentley v. Grange Mut. Cas. Ins. Co. (1997), 119 Ohio App.3d 93, 694 N.E.2d 526. Therefore, Wilson and UENTS were not bound by the court of claims' determination as to Wilson's immunity.
The assignment of error is sustained. The judgment of the trial court is reversed and the cause is remanded for a determination by the trial court as to whether Wilson and UENTS are entitled to immunity and for further proceeding consistent with law and this Decision.
Judgment reversed and cause remanded.
Doan, P.J., Winkler and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District sitting by assignment.