TSCHANTZ, APPELLEE, *v.* FERGUSON, AUDITOR; THE STATE OF OHIO, APPELLANT.

10

(No. 89AP-43—Decided
August 22, 1989.)

*John E. Duda,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Simon B. Karas,* for appellant.

WHITESIDE, J. Defendant-appellant, the state of Ohio, appeals from a judgment of the Court of Claims dismissing this action and raises a single assignment of error as follows:

"The court below erred in holding Mr. Ferguson not entitled to immunity under Revised Code § 9.86 where the court so held without conducting a hearing, without requiring plaintiff to meet any burden of proof, and without finding whether the allegations of the complaint were true; Revised Code § 2743.02 requires the Court of Claims to 'determine' whether a state officer or employee is entitled to civil immunity."

Plaintiff originally filed an action against Thomas E. Ferguson, the State Auditor, in the Cuyahoga County Court of Common Pleas, alleging that he coerced plaintiff into a sexual relationship with him and also into engaging in improper fund-raising for him. Plaintiff alleges that she suffered severe emotional distress as a result of these alleged acts. The Cuyahoga County court dismissed plaintiff's complaint purportedly because of the enactment of R.C. 2743.02(F), which requires that such a complaint be first filed in the Court of Claims for an initial determination of whether the state is potentially liable.

On June 14, 1988, plaintiff filed this instant action against both the state and Ferguson in the Court of Claims. Ferguson was dismissed as a defendant because the state is the only proper defendant in the Court of Claims pursuant to R.C. 2743.02(E). The Court of Claims proceeded to "determine initially" whether the state was a potentially liable party and eventually dismissed the state, finding that:

"* * * [I]f Mr. Ferguson committed the acts set forth in the complaint and affidavit, such conduct was obviously outside the scope of his employment and thus he is not entitled to immunity under the wording of R.C. 9.86. * * *"

For these reasons, the Court of Claims dismissed plaintiff's action.

By R.C. 2743.02, the state waives its immunity and consents to be sued according to the provisions contained in that section. Specifically pertinent here is R.C. 2743.02(F), which provides in part:

"A civil action against a state officer or employee that alleges that the

officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner *shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the officer or employee is entitled to civil immunity* under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action." (Emphasis added.)

This provision in effect requires a determination that the state is free of liability for the alleged conduct prior to the filing of an individual action against an employee or officer of the state. However, unless this statute be interpreted to be applicable only when there is some allegation that the act is at least remotely related to the employee's or officer's scope of employment, illogical results could follow. It is absurd to contend that this statute would apply to a set of facts where there is no possible way to construe the employee's or officer's conduct as being related to his employment.

For example, if an employee of the state, who is on vacation and acting completely and unquestionably outside the scope of his employment, negligently causes injury to another individual, it would be completely illogical to require that individual to file first in the Court of Claims to determine if the state may be liable. Under that situation, there could not be an allegation that the state would even be potentially liable.

Thus, R.C. 2743.02(F) need be construed to include only those cases in which there is some basis to allege that the state employee's act, which allegedly caused the injury, is related to his employment. Here, plaintiff stated in an affidavit filed in the Court of Claims:

"Ferguson inflicted emotional distress upon me in that he intimidated me, importuned me and imposed upon me to engage in an intimate sexual relationship with him which began sometime in 1982 and continued until the last sexual intimacy in Cuyahoga County, Ohio, on Thursday, June 6, 1985. I was at his beck and call. Whenever he wanted a sexual encounter with me he would contact me and demand that I meet him for sex. *He promoted me because of this sexual relationship and he had this compelling hold on me to do his political fund raising.*" (Emphasis added.)

Plaintiff's allegations that her promotions were connected with the alleged sexual relationship are sufficient to warrant the applicability of R.C. 2743.02(F). Therefore, it was appropriate for plaintiff to file a complaint in the Court of Claims naming the state as a defendant.[1]

Furthermore, although R.C. 1.58 prohibits the application of an amendment of a statute to pending actions, such is not the case here. Plaintiff instigated this action in the Court of Claims on June 14, 1988, which was after October 20, 1987, the effective date of R.C. 2743.02(F) (see 142 Ohio Laws, Part II, 3134, 3136). Plaintiff contends that the effective date of that statute was after the filing of her complaint in the Cuyahoga County Court of Common Pleas, and therefore, the statute does not apply. However, that issue must be raised and determined in

---

[1] Plaintiff does not contend that the state is liable for Ferguson's alleged conduct but is forced by R.C. 2743.02(F) to bring this action against the state in order to maintain an action against him in common pleas court.

Cuyahoga County because the only action before this court is the complaint filed in the Court of Claims, and it was filed *after* the effective date of R.C. 2743.02(F). Thus, the application of R.C. 2743.02(F) is neither prohibited, nor retroactive.

Having established that R.C. 2743.02(F) applies, we turn to the actual application of that section. The Court of Claims specifically determined that, based upon the allegations of the complaint and plaintiff's affidavit, Ferguson was not entitled to civil immunity pursuant to R.C. 9.86. However, for the reasons which follow, that decision cannot be binding upon Ferguson.

In order for a prior judgment to be binding on an individual as to estop that person from relitigating an issue arising out of the previous action, mutuality of parties is required. Specifically, in *Goodson* v. *McDonough Power Equip., Inc.* (1983), 2 Ohio St. 3d 193, 2 OBR 732, 443 N.E. 2d 978, the first paragraph of the syllabus holds:

"In Ohio, the general rule is that mutuality of parties is a requisite to collateral estoppel, or issue preclusion. As a general principle, collateral estoppel operates only where all of the parties to the present proceeding were bound by the prior judgment. A judgment, in order to preclude either party from relitigating an issue, must be preclusive upon both. A prior judgment estops a party, or a person in privity with him, from subsequently relitigating the identical issue raised in the prior action. (Paragraph two of the syllabus in *Whitehead* v. *Genl. Tel. Co. of Ohio,* 20 Ohio St. 2d 108 [49 O.O. 2d 435], and the syllabus of *Trautwein* v. *Sorgenfrei,* 58 Ohio St. 2d 493 [12 O.O. 3d 403], approved and followed.)"

In other words, only a person who is bound by a judgment is precluded from relitigating an issue. Therefore, if Ferguson were bound by the judgment of the Court of Claims, he would be precluded from relitigating the issue of his civil immunity.

Judgments are binding only upon those individuals who are parties or in privity with a party to the original action. As the court reasoned in *Whitehead* v. *General Tel. Co.* (1969), 20 Ohio St. 2d 108, 116, 49 O.O. 2d 435, 440, 254 N.E. 2d 10, 15, 41 A.L.R. 3d 526, 534:

"In our opinion, the existing Ohio requirement that there be an identity of parties or their privies is founded upon the sound principle that all persons are entitled to their day in court. The doctrine of *res judicata* is a necessary judicial development involving considerations of finality and multiplicity, but it should not be permitted to encroach upon fundamental and imperative rights. * * *"

However, a determination that Ferguson is not entitled to civil immunity pursuant to R.C. 9.86 necessarily involves a determination that he acted manifestly outside the scope of his employment or with "malicious purpose, in bad faith, or in a wanton or reckless manner * * *." Ferguson was not a party to the action in the Court of Claims as R.C. 2743.02(E) specifically prohibits any defendant other than the state in the Court of Claims. While R.C. 2743.02(E) permits the state to file a third-party complaint or counterclaim, none was filed here. Therefore, it is clear that Ferguson was not a party to the action filed in the Court of Claims. It follows that, if Ferguson was not a party to the action in the Court of Claims, a judgment by that court cannot be binding upon him.

Furthermore, even if privity could be shown between Ferguson and the state, applying this judgment to him would deny Ferguson his constitutionally protected right to have a jury determine his immunity. Section 5, Ar-

ticle I, Ohio Constitution provides that "[t]he right of trial by jury shall be inviolate * * *." In addition, R.C. 2311.04 provides that "[i]ssues of fact arising in actions for the recovery of money * * * shall be tried by a jury * * *." See, also, R.C. 2743.11. Specifically, a determination of whether an employee is acting within the scope of his employment is a question of fact for the jury. See the fourth paragraph of the syllabus in *Goldberg* v. *Jordan* (1935), 130 Ohio St. 1, 3 O.O. 64, 196 N.E. 775.

In *Torpey* v. *State* (1978), 54 Ohio St. 2d 398, 402, 8 O.O. 3d 403, 405, 377 N.E. 2d 763, 765, which was decided prior to the enactment of R.C. 2743.02 (F), the Ohio Supreme Court reasoned:

"* * * Collateral estoppel, based on the trial court's findings in favor of the state, will not apply to the jury trial against the individuals since the effect thereof would be to deny appellee his jury trial as to these matters."

In other words, if the decision of the Court of Claims that an employee or officer of the state acted manifestly outside the scope of his employment is binding upon him, then the effect of that judgment would be to deny that employer or officer and the plaintiff the right to a jury trial.

Although R.C. 2743.02(F) broadly states that the Court of Claims shall "determine, initially, whether the officer or employee is entitled to civil immunity," this statute, in order to be constitutional, must be interpreted so as to determine only whether the state is liable. It follows that the decision of the Court of Claims purporting to determine that Ferguson is not entitled to civil immunity cannot be binding on Ferguson or plaintiff as to Ferguson's liability since plaintiff also has a right to a jury trial as to Ferguson's liability. Both have a constitutionally protected right to a jury trial on that issue.

The effect of R.C. 2743.02(F) is to require the plaintiff who potentially has a claim against the state as a result of an employee's conduct to file first in the Court of Claims for a determination of the state's liability. However, that decision of the Court of Claims is binding only upon the issue of liability of the state since the employee or officer of the state is entitled to have the issue of his civil immunity determined by a jury. In other words, where the issue is raised, there will be two factual determinations: (1) a factual determination by the Court of Claims regarding the state's liability; and (2) a factual determination by a jury, if so elected, regarding the employee's liability. Because there are two independent factual determinations in different courts, there is the potential for inconsistent results, but this is what R.C. 2743.02(F) requires.

Having determined that the decision of the Court of Claims is binding only as to liability of the state, we turn to the state's contention that the procedure used by that court was incorrect. However, as the court held in the syllabus of *Ohio Contract Carriers Assn., Inc.* v. *Pub. Util. Comm.* (1942), 140 Ohio St. 160, 23 O.O. 369, 42 N.E. 2d 758:

"Appeal lies only on behalf of a party aggrieved by the final order appealed from. Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant."

The appellant must show that its rights have been adversely affected by the trial court's judgment in order for him to be an aggrieved party and for an appeal to lie.

The state is not an aggrieved party because it was dismissed as a potentially liable party by the Court of Claims. No rights of the state have been adversely affected because it is not possible now that it will be liable. Even though there may have been a

technical error in the manner in which the Court of Claims reached its determination, the state is not in a position to complain because it has been dismissed as a party; the state is not prejudiced by the claimed error. Accordingly, the assignment of error is not well-taken, and we are unable to find just cause for this appeal.

For the foregoing reasons, the state's assignment of error is overruled, and the judgment of the Ohio Court of Claims is affirmed.

*Judgment affirmed.*

YOUNG and BRYANT, JJ., concur.