DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
The appellant, William Shuman (of Flora Health Network, Inc.), appeals from the decision of the Summit County Court of Common Pleas granting summary judgment in favor of the appellee, First Health Network, Inc. ("FHN"). We affirm.
 I.
Mr. Shuman had been an employee and officer of FHN from 1988 until 1993. FHN was a closely held corporation, which was owned and controlled primarily by Robert Frazier and his family. Mr. Shuman married Robert Frazier's daughter in 1989. During the course of the marriage, Mr. and Mrs. Shuman acquired thirty-eight shares of FHN stock. Each share of stock represented one percent of the total ownership of FHN. However, neither the Shumans nor any of the other stock owners were ever actually issued share certificates.
A few years after their marriage, the couple began to experience marital difficulties. They were divorced on May 23, 1994. Originally, the domestic relations division declined to address the matter of the ownership of the stock. This was because a separate lawsuit ("Shuman I") involving Mr. Shuman and FHN was pending in the general division of the common pleas court involving, inter alia, issues of wrongful termination and the value of Mr. Shuman's interest in FHN. The trial court decided in favor of FHN, and this Court affirmed that decision on appeal. See First Health Network v. Shuman (Aug. 28, 1996), Summit App. No. 17662, unreported.
In a separate appeal by Mrs. Shuman from the divorce action ("Domestic I"), this Court found that the domestic relations court had erred in failing to address the stock ownership issue. We ordered the court to "classify the * * * shares as either marital or separate property, to make findings of fact as to the value of such property, and to equitably divide the property * * *." Shumanv. Shuman (Apr. 5, 1995), Summit App. No. 16836, unreported, at 6.
On remand, the domestic relations court determined that all thirty-eight shares of the stock were marital property. After considering expert testimony, the court valued the stock at $100 per share, for a total value of $3,800, and ordered its disposition. Each party was granted one-half of the total share value, or $1,900. The court ordered Mr. Shuman to sell his interest in the corporation to Mrs. Shuman, who was required to pay her former husband $1,900 for his shares in the corporation. Mr. Shuman appealed this decision, but the judgment of the domestic relations court was affirmed ("Domestic II"). See Shumanv. Shuman (Aug. 14, 1996), Summit App. No. 17572, unreported.
Meanwhile, another lawsuit had transpired when FHN filed a complaint against Mr. Shuman and Flora Health Network, Inc., alleging that Mr. Shuman had violated a covenant not to compete with the establishment of Flora Health Network ("Shuman II"). Mr. Shuman filed counterclaims. At a bench trial, the lower court ruled in favor of Mr. Shuman on the issue of the covenant not to compete. Later, the trial court granted summary judgment in favor of FHN on Mr. Shuman's counterclaims. It is the granting of summary judgment for FHN on one of the counts of one of Mr. Shuman's counterclaims that is the subject of this current appeal.
In count two of his second counterclaim, Mr. Shuman sought specific performance of FHN's alleged "contractual obligation" to deliver to him unrestricted stock certificates reflecting his ownership of no less than 33% in FHN. In granting summary judgment, the trial court found the following:
 The issue as to the ownership of such stock previously was addressed, at the direction of the Court of Appeals, in Defendant Shuman's domestic relations case. The Domestic Relations Court specifically held pursuant to an order filed on September 21, 1995 that Defendant Shuman and his wife acquired an interest in 38 shares of First Health stock during their marriage, that all 38 shares were marital property, and that the tangible value of the shares was $3,800.00. The Court further ordered Defendant Shuman's now ex-wife to pay him $1,900.00 for his equitable interest in such stock. Payment for the shares was timely tendered by check, although Defendant Shuman's counsel has failed to negotiate such check.
The trial court further noted that, consistent with the findings of the domestic relations court, the trial court in the earlier lawsuit between FHN and Mr. Shuman (Shuman I) held that "`since Defendant [Shuman] was compensated for his shares in the divorce proceedings, no further action in regard to Shuman's shares is required by this Court.'" The trial court in the casesub judice then concluded:
 Clearly, based on the foregoing, all issues as to Shuman's ownership of First Health Stock and the valuation of such stock have been fully litigated.
The trial court then found that Mr. Shuman's counterclaim was barred, and that FHN was entitled to summary judgment.
 II.
Mr. Shuman now brings this appeal, the fourth such appeal concerning these related matters during the past three years. He raises the following three assignments of error:
ASSIGNMENT OF ERROR I
 The trial court erred in granting [FHN's] motion for summary judgment as to Count II of [Mr. Shuman's] counter claim which in effect denied [Mr. Shuman's] claim for an order compelling [FHN] to issue and deliver to [Mr. Shuman] "unrestricted stock certificates" representing [Mr. Shuman's] interest in [FHN].
ASSIGNMENT OF ERROR II
 The trial court erred in granting [FHN's] motion for summary judgment as to Count II of [Mr. Shuman's] counter claim based on the factually unsupported ground that [Mr. Shuman] "was compensated for his stock as part of his divorce."
ASSIGNMENT OF ERROR III
 The trial court erred in granting [FHN's] motion for summary judgment as to Count II of [Mr. Shuman's] counter claim by wrongly assuming that an expert opinion as to the per share "market value" of a party's "claimed" restricted ownership interest in a closely held corporation, could be equivalent in value to the per share "market value" of a party's name on a stock certificate representing 33% of the corporations's [sic] outstanding and unrestricted shares of stock.
Summary judgment is properly granted where, interpreting the facts most strongly in favor of the nonmoving party, there is no genuine issue of any material fact and reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); Parenti v. Goodyear Tire Rubber Co.
(1990), 66 Ohio App.3d 826, 829. A reviewing court must apply this same standard on appeal. Id.
Appellate courts will not review questions devoid of live controversies. Miner v. Witt (1910), 82 Ohio St. 237, 238-39;Tschantz v. Ferguson (1991), 57 Ohio St.3d 131, 133. Thus, an action must be dismissed as moot unless it appears that a live controversy exists. Lorain Cty. Bd. of Commrs. v. United StatesFire Ins. Co. (1992), 81 Ohio App.3d 263, 266-67.
Only a party aggrieved by a final order may perfect an appeal. Ohio Contract Carriers Assn., Inc. v. P.U.C.O. (1942),140 Ohio St. 160, syllabus. The burden is on the appellant to establish that he is an aggrieved party whose rights have been adversely affected by the trial court's judgment. Tschantz v.Ferguson (1989), 49 Ohio App.3d 9, 13.
All three issues raised by Mr. Shuman concern his alleged ownership interest in FHN. However, the matter of Mr. Shuman's interest in FHN has previously been addressed, and that interest was awarded to his former wife. Therefore, either all of Mr. Shuman's claims are moot, or he lacks standing to raise the matter because he no longer has any interest in FHN.
 A.
In his first assignment of error, Mr. Shuman complains that the lower court failed to compel FHN to issue and deliver to him the stock certificates representing "his interest" in FHN. Mr. Shuman continues to stubbornly argue that FHN must formally issue paper stock certificates to the corporation's shareholders.
This Court has previously held that "the issuance of a share certificate is not always required to create a shareholder relation." See Shuman v. Shuman (Aug. 14, 1996), Summit App. No. 17572, unreported, at 5. Moreover, the question as to whether or not FHN is obligated to issue stock certificates to Mr. Shuman representing "his interest" is moot, because Mr. Shuman no longer has any interest in the corporation. Whatever interest Mr. Shuman once had in FHN, whether or not it was represented by a paper certificate, was divided and distributed to his ex-wife as part of the property division in his divorce. The domestic relations court determined that "even though the parties did not physically receive certificates of shares, they had an interest in this corporation and their interest in the corporation could be valued and divided." The former Mrs. Shuman is now the only party that can claim a holding in those shares representing that particular interest in FHN.
Mr. Shuman is not entitled to have FHN deliver share certificates to stock he does not own. The first assignment of error is overruled.
 B.
In his second assignment of error, Mr. Shuman complains that "[t]here was no evidence submitted by [FHN] to the court in connection with its Motion [for summary judgment] that [Mr. Shuman] was compensated for `shares of stock' that were not only never delivered, but remain to this day unissued and non-existent." We find this assignment of error to be completely without merit.
The record clearly shows that a check for $1,900 was tendered to Mr. Shuman on September 27, 1995, in compliance the order from the domestic relations court. Mr. Shuman cannot use the fact that he has chosen not to cash the check to complain that he has not been compensated for his share of FHN. Even if it were true that he had not been paid, Mr. Shuman's recourse would be to take the appropriate steps to enforce the judgment entry; he would not be entitled to "reclaim" his former interest in FHN.
The appellant's second assignment of error is overruled.
 C.
In his third assignment of error, Mr. Shuman again argues that without the issuance of a stock certificate, the domestic relations court was not entitled to value and distribute the parties' interest in the corporation. He argues that the value of such a stock certificate would be substantially more than "a claimed interest" in the corporation, and that the court below erred in refusing to order the corporation to issue a certificate of stock to Mr. Shuman.
The domestic relations court heard testimony from Mrs. Shuman, her father, and an expert witness. The court stated that the expert testified that the tangible value of the thirty-eight shares of FHN was $3,800 ($100 per share). Mr. Shuman did not present any expert testimony as to the value, in spite of the court continuing the trial for three months in order to allow Mr. Shuman to find an expert to place a value on the parties' interest in the stock. The domestic relations court then found the value to be $3,800. In the interest of keeping the asset intact, the trial court ordered Mrs. Shuman to pay Mr. Shuman $1,900 "for his equitable interest in this stock." This decision was affirmed by this Court on appeal when Mr. Shuman raised the same issues as he currently brings before this Court. See Shuman v. Shuman (Aug. 14, 1996), Summit App. No. 17572, unreported.
Again, this issue is moot as Mr. Shuman does not currently have any interest in the valuation of a company in which he does not hold any shares. He has already had his day in court on this issue. Mr. Shuman's ex-wife and the other FHN shareholders are the only parties with any standing to be concerned about the issuance of a paper stock certificate or the valuation of the company's stock.
The appellant's third assignment of error is overruled.
 III.
This Court fails to find merit in any of the issues that Mr. Shuman continues to try to relitigate. All three assignments of error raised by Mr. Shuman are overruled. Mr. Shuman was not entitled to specific performance as a matter of law. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ LYNN C. SLABY
FOR THE COURT
QUILLIN, J., J.
REECE, J. CONCUR.