[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
This is an appeal from a Ross County Common Pleas Court judgment. The trial court found Porter A. Hampp to be a sexually oriented offender, pursuant to R.C. Chapter 2950. Appellant raises the following assignment of error for review:
 "AS APPLIED IN THIS CASE, R.C. CH. 2950 UNCONSTITUTIONALLY DEPRIVES APPELLANT OF EQUAL PROTECTION OF LAW."
In 1994, appellant was convicted of abduction, complicity to abduction, and involuntary manslaughter. On March 28, 1997, the Department of Rehabilitation and Correction filed a recommendation that appellant be adjudicated a sexual predator.[1]
On September 3, 1999, the trial court held a hearing regarding appellant's status under R.C. Chapter 2950 and found appellant to be a sexually oriented offender. The trial court's judgment entry reads: "This cause came on for hearing pursuant to ORC2950.01 et seq. It is the order of this Court that the defendant be classified as a sexually oriented offender."
Initially, we must address a threshold jurisdictional issue. If the judgment entered below does not constitute a final appealable order, then we, as an appellate court, do not have jurisdiction over the present appeal. Ohio law provides that appellate courts have jurisdiction to review the final orders or judgments of inferior courts in their district. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. A final order or judgment is one which affects a substantial right and, in effect, determines the action. R.C. 2505.02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. In the event that the parties involved in the appeal do not raise the jurisdictional issue, then we must raise it sua sponte. SeeWhitaker-Merrell v. Geupel Co. (1972), 29 Ohio St.2d 184, 186,280 N.E.2d 922, 924.
In the case at bar, we do not believe that the trial court's judgment entry finding appellant to be a sexually oriented offender constitutes a final appealable order. We note that other appellate courts have held that a trial court's finding that a defendant is a sexually oriented offender is superfluous. See State v. Hanley (Aug. 26, 1999), Cuyahoga App. No. 74323, unreported; State v. Smith (June 23, 1999), Lorain App. No. 98 CA 7070, unreported; State v. Goodballet (Mar. 30, 1999), Columbiana App. No. 98 CO 15, unreported; State v. Rimmer (Apr. 29, 1998), Lorain App. No. 97 CA 6795, unreported, affirmed (1998), 84 Ohio St.3d 48,701 N.E.2d 984. The courts have noted that the label "sexually oriented offender," as defined in R.C. 2950.01(D), arises by operation of law, not by any action taken by the trial court.
In Rimmer, the court concluded that no final appealable order existed with respect to a trial court's judgment entry purporting to adjudicate a defendant a sexually oriented offender. The court reasoned:
 "Only a party aggrieved by a final order may perfect an appeal. Ohio Contract Carriers Assn., Inc. v. P.U.C.O. (1942), 140 Ohio St. 160, 42 N.E.2d 758, syllabus. The burden is on the appellant to establish that he is an aggrieved party whose rights have been adversely affected by the trial court's judgment. Tschantz v. Ferguson (1989), 49 Ohio App.3d 9, 13, 550 N.E.2d 544; Stoll Farms, Inc. v. Stoll (Nov. 24, 1993), Wayne App. No. 2791, unreported, at 4. Furthermore, appellate courts will not review questions devoid of live controversies. Miner v. Witt (1910), 82 Ohio St. 237, 238, 92 N.E. 21; Lorain Cty. Bd. of Commrs. v. United States Fire Ins. Co. (1992), 81 Ohio App.3d 263, 266-67, 610 N.E.2d 1061.
 In the case at bar, the trial court simply pointed to what Defendant would be required to do after July 1, 1997, pursuant to the definitions of R.C. 2950.01(D), and the registration requirement of R.C. 2950.04. If the court did not point this out in its judgment entry, the Defendant would still be required to register pursuant to R.C. 2950.01(D) and R.C. 2950.04 after July 1, 1997. Thus, we find that Defendant is not an aggrieved party whose rights have been adversely affected, and Defendant's present claim is devoid of a live controversy."
See, also, State v. Moyers (Mar. 27, 2000), Seneca App. No. 13-99-54, unreported; State v. Redden (Mar. 19, 1999), L-98-1087, unreported (adopting Rimmer court's analysis).
We also note that R.C. Chapter 2950 includes specific provisions governing when a defendant may appeal from a R.C. Chapter 2950 hearing. The statutory scheme explicitly provides that a defendant who is adjudicated a sexual predator subject to the registration and community notification provisions may appeal as of right the trial court's judgment adjudicating the defendant a sexual predator. See R.C. 2950.09(B)(3). Additionally, the statutory scheme explicitly provides that a defendant who is adjudicated a habitual sex offender subject to the registration and community notification provides may appeal the trial court's judgment. See R.C. 2950(C)(2)(b). The statutory scheme includes no similar provision regarding the right to appeal an offender's classification as a sexually oriented offender.
In the case at bar, the trial court's September 3, 1999 judgment entry did not adjudicate appellant a sexually oriented offender. Rather, appellant's status as a sexually oriented offender arose by operation of law. Thus, no judgment or order of the trial court affected one of appellant's substantial rights, and we are not presented with a final appealable order.
APPEAL DISMISSED.
 JUDGMENT ENTRY
It is ordered that the appeal be dismissed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
HARSHA, J. : Dissents
EVANS, J. Concurs in Judgment Opinion
[1] We note that on October 27, 1997, the trial court found that R.C. Chapter 2950 was unconstitutional, and the court dismissed the DRC's recommendation. The next entry that appears in the record transmitted on appeal is the trial court's judgment entry finding appellant to be a sexually oriented offender. We presume that the trial court revisited the issue of whether appellant should be declared a sexual predator upon taking notice of the Ohio Supreme Court's opinion in State v. Cook (1998),83 Ohio St.3d 404, 700 N.E.2d 570, paragraphs one and two of the syllabus (holding that R.C. Chapter 2950, as applied to offenders convicted and sentenced prior to the effective date of the amendments, does not violate the prohibition against ex postfacto laws or retroactive laws).