DECISION ON MOTIONS TO DISMISS
Defendant-appellee, University of Cincinnati, has moved to dismiss the appeal of appellants, Prema Venkateswaran, M.D., S. Brigitte Koegler, M.D., and Joan Beiersdorfer, CRNA, and the cross-appeal of plaintiffs-appellees/cross-appellants, Homer C. Smith and Laura Smith. For the reasons that follow, we grant the motion to dismiss the appeal of Venkateswaran, Koegler, and Beiersdorfer and deny the motion to dismiss the cross-appeal of plaintiffs Homer C. Smith and Laura Smith.
On March 5, 1999, plaintiff, Homer C. Smith, underwent kidney and pancreas transplant surgery at the University of Cincinnati Hospital, and has alleged that he suffers parestheisia and loss of sensation in both of his arms due to the negligence of various named doctors and staff at the hospital including Venkateswaran, Koegler, and Beiersdorfer. By judgment entry dated March 9, 2001, the Court of Claims determined that Venkateswaran, Koegler, and Beiersdorfer had not acted within the course and scope of their employment with the University of Cincinnati during the events at issue in this litigation and, as such, were not entitled to civil immunity pursuant to R.C. 2743.02(F) and 9.86. Appellants Venkateswaran, Koegler, and Beiersdorfer (hereinafter the "non-party appellants") purport to appeal this determination.
In the same March 9, 2001 judgment entry, the Court of Claims also determined that Dr. Rino Munda had acted within the course and scope of his employment with the University of Cincinnati and, as such, was entitled to civil immunity pursuant to R.C. 2743.02(F) and 9.86. Plaintiffs Homer C. Smith and Laura Smith have appealed this determination.
Defendant-appellee, University of Cincinnati, contends that the appeal by the non-party appellants must be dismissed pursuant to this court's holding in Landes v. Ohio State Univ. Hospitals (Nov. 20, 1997), Franklin App. No. 97API05-739, unreported. We agree.
In Landes, supra, this court ruled that a state employee who is not a party to an action in the Court of Claims has no standing to appeal a decision finding that he was not entitled to civil immunity pursuant to R.C. 2743.02(F) and 9.86. Following Tschantz v. Ferguson (1989),49 Ohio App.3d 9, this court noted that the state is the only defendant in an action in the Court of Claims and, thus, is the only proper party to pursue an appeal. This court, therefore, dismissed, sua sponte, an appeal brought by a psychiatrist employed by The Ohio State University Hospitals from a determination that he acted outside the course and scope of his employment.
Here, it is uncontroverted that none of the non-party appellants were, or could be, parties to the original action filed below. As such, their appeal falls squarely within the type declared improper by Landes, supra.
In an effort to suggest that Landes should not apply, the non-party appellants cite two pre-Landes cases, Norman v. Ohio State Univ. Hosp. (1996), 116 Ohio App.3d 69; and Allen v. Univ. of Cincinnati Hosp. (1997), 122 Ohio App.3d 195. In Norman, this court specifically held that a doctor who participated in an immunity determination at the Court of Claims would be allowed to participate as an appellee in an appeal brought by both the plaintiff and the state employer. Norman, therefore, does not stand for the proposition that a non-party employee may prosecute an appeal. In Allen, this court did hear an appeal by a doctor employed by the University of Cincinnati from a determination that he was not entitled to immunity. The standing issue, however, was never raised or addressed by the parties or the court in Allen.
The non-party appellants also highlight language in Landes noting that non-state defendants can be parties in cases removed to the Court of Claims and further suggest that such language is applicable here because plaintiff originally filed suit in the Hamilton County Court of Common Pleas. This case, however, is not a removed action but an original action. See R.C. 2743.03(E)(1) (mandating that an action be removed when a party files a counterclaim against the state or makes the state a third-party defendant in an action commenced in any court).
We find, therefore, that the motion to dismiss the appeal filed by Venkateswaran, Koegler, and Beiersdorfer is well-taken and granted.
Defendant-appellee, University of Cincinnati, further contends that the cross-appeal of plaintiffs, Homer C. Smith and Laura Smith, must also be dismissed because the March 9, 2001 judgment entry is not otherwise a final appealable order under the requirements of Civ.R. 54(B). Specifically, defendant-appellee University of Cincinnati argues that, since the March 9, 2001 judgment entry specifically reserved for future determination the immunity status of three additional doctors and since the entry did not contain "no just cause for delay" language specified in Civ.R. 54(B), the entry was not a final appealable order. We disagree.
As noted by the Ohio Supreme Court, "Civ.R. 54(B) applies to those situations where there is more than one claim for relief presented or multiple parties are involved in an action, and where the lower court has rendered a final judgment, pursuant to R.C. 2505.02, with respect to fewer than all of the parties or to fewer than all of the claims." Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 88. Here, the requirements of Civ.R. 54(B) are inapplicable because the immunity determinations rendered by the Court of Claims on March 9, 2001 (and in particular, the trial court's determination that Dr. Munda was entitled to immunity) did not resolve any claims with respect to fewer than all of the parties or to fewer than all of the claims.
Again, the state of Ohio, through the University of Cincinnati, is the only defendant in the original action below, and while an immunity determination may ultimately be relevant (and perhaps dispositive) of certain claims brought by the plaintiffs against the state, the immunity determination itself does not render judgment as to any such claim. As such, an order by the court of claims determining the immunity status of some, but not all, of the alleged individual tortfeasors need not contain "no just cause for delay" language under Civ.R. 54(B) to be a final appealable order.
The motion to dismiss the cross-appeal brought by plaintiffs, Homer C. Smith and Laura Smith, is not well-taken and is denied.
For the foregoing reasons, the motion to dismiss the appeal prosecuted by Prema Venkateswaran, M.D., S. Brigitte Koegler, M.D., and Joan Beiersdorfer, CRNA, is granted. The motion to dismiss the cross-appeal of plaintiffs-appellees/cross-appellants, Homer C. Smith and Laura Smith, is denied.
 ________________________ LAZARUS, J.
BOWMAN and PETREE, JJ., concur.