This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Denny Heintz, appeals the decision of the Lorain County Court of Common Pleas. This Court dismisses the appeal.
 I.
{¶ 2} On April 15, 2000, the Lorain County Sheriff's Office executed an arrest warrant for appellant on the charge of child endangering. After his arrest, appellant signed a voluntary consent to search his home. A search of the home yielded marijuana plants, drug paraphernalia, eight firearms, ammunition, and two knives. At the time of the search, appellant had a protection order against him which prohibited him from possessing firearms. The seized weapons were held by the Lorain County Sheriff's Office on behalf of the State.
{¶ 3} Appellant entered into a negotiated plea and sentencing agreement. In the plea agreement, appellant agreed that "[a]ll property, money and/or evidence held by the State of Ohio or any police department is hereby forfeited to the State as a condition of this plea." The trial court found that appellant had knowingly and voluntarily entered into the plea agreement.
{¶ 4} On October 12, 2001, appellant was sentenced pursuant to the negotiated plea. On November 19, 2001, appellant filed a motion for return of property pursuant to R.C. 2933.43, asking the trial court to return seven of the seized items to his father. Appellant claimed that those items belonged to his father and not him. The trial court denied appellant's motion for return of property.
{¶ 5} Appellant timely appealed, setting forth one assignment of error for review.
 II. ASSIGNMENT OF ERROR
{¶ 6} "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY RULING THAT APPELLANT HAD FORFEITED PROPERTY BELONGING TO HIS FATHER, AN INNOCENT OWNER, WHEN ENTERING HIS PLEA OF GUILTY."
{¶ 7} In his sole assignment of error, appellant argues that the trial court erred in holding that he had forfeited property belonging to his father pursuant to a plea agreement.
{¶ 8} Before this Court reaches the merits of appellant's assignment of error, this Court must address the issue of standing of appellant. Only a party aggrieved by a final order may perfect an appeal.Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm (1942),140 Ohio St. 160, syllabus. The burden is on the appellant to establish that he is an aggrieved party whose rights have been adversely affected by the trial court's judgment. Tschantz v. Ferguson (1989),49 Ohio App.3d 9, 13. See, also, Stoll Farms, Inc. v. Stoll (Nov. 24, 1993), 9th Dist. No. 2791.
{¶ 9} Appellant has appealed from the order, which denied appellant's motion for return of property. In his motion for return of property, appellant stated, for the first time, that the items listed in the motion do not belong to him, but rather belong to his father Dennis Heintz. If the items are in fact the property of Dennis Heintz and not the appellant,[1] appellant is not an aggrieved party whose rights have been adversely affected, and, as such, appellant lacks standing to appeal in this matter.
 III.
{¶ 10} The appeal is dismissed.
BAIRD, P.J. and WHITMORE, J. CONCUR.
[1] This Court notes that appellant never denied ownership of the items at issue from the time of his arrest throughout the proceedings in the trial court. Dennis Heintz did not file a replevin action. No evidence of Dennis Heintz's ownership of the items was presented to the trial court.