OPINION
{¶ 1} Felicia Ellison appeals from an order of the Juvenile Court entered pursuant to R.C. 2151.414(B), granting permanent custody of her two minor children, R.E. and D.L. to Montgomery County Children's Services ("MCCS").
FIRST ASSIGNMENT OF ERROR
 {¶ 2} "THE JUVENILE COURT ERRED BY ENTERING A JUDGMENT GRANTING PERMANENT CUSTODY WHEN A CONFLICT WAS DISCOVERED BETWEEN THE GUARDIAN AD LITEM'S RECOMMENDATION AND THE DESIRES OF THE MINOR CHILD [R.E.] NEAR THE END OF THE PROCEEDINGS AND A RETRIAL WAS NOT CONDUCTED AFTER THE CHILD HAD BEEN APPOINTED AN ATTORNEY."
 {¶ 3} A motion for permanent custody filed by MCCS was referred by the Juvenile Court to its magistrate for hearing and decision. At a hearing on August 5, 2005, the guardian ad litem testified that R.E. had expressed some desire to remain with her mother, Appellant Ellison. Therefore, and because the guardian ad litem recommended an award of permanent custody of both children to MCCS, the magistrate adjourned the hearing in order to appoint a legal representative for the children pursuant to In reWilliams, 101 Ohio St.3d 398, 2004-Ohio-1500.
 {¶ 4} Attorney Mariah Butler was appointed to represent Appellant Ellison's two children, R.E. and D.L. Attorney Butler was provided a transcript of the August 5, 2004 hearing which recited the testimonies of the guardian ad litem, of John Kinsel, a clinical counselor who had interviewed the two children, of Jennifer Williams, the lead caseworker for MCCS, and of Kathy Watts, Appellant's older sister who asked that the children be placed with her.
 {¶ 5} The hearing resumed on November 22, 2004. The following colloquy ensued when the hearing began:
 {¶ 6} "THE COURT: Okay. And we're here on the second of a hearing on the motion for permanent custody. At the close of that hearing it was determined that the children would need an attorney of their own. Since that time Ms. Butler has been appointed, and it's my understanding that under the agreement of all the attorneys that we are going to have cross-examination of the witnesses and Ms. Butler wishes to cross-examine at this day of trial as if she had been there.
 {¶ 7} "Is there anything before we begin?
 {¶ 8} "Ms. Butler, who do you wish to cross examine first?
 {¶ 9} "MS. BUTLER: At this time I would call the caseworker, Jennifer Williams.
 {¶ 10} "THE COURT: Ms. Butler, you feel that reading the transcript has given you adequate information on which to cross-examine?
 {¶ 11} "MS. BUTLER: Yes, and I would have the record reflect that I have reviewed the entire transcript." (T.4).
 {¶ 12} Jennifer Williams was recalled as a witness and testified under examination by Attorney Butler and by other attorneys in the case. The guardian ad litem was also recalled and was likewise examined. At the close of the evidence the court posed the following question:
 {¶ 13} "Anyone further you wish to cross-examine or call, Ms. Butler?
 {¶ 14} "MS. BUTLER: No, not at this time.
 {¶ 15} "THE COURT: Okay. All right. I am going to take this under advisement and issue a written decision." (T. 39).
 {¶ 16} The magistrate filed her decision on January 5, 2005, granting permanent custody of both children to MCCS. Appellant Ellison filed written objections. On August 10, 2005, the court overruled the objections and adopted the magistrate's decision.
 {¶ 17} R.C. 2151.352 states, in pertinent part:
 {¶ 18} "A child, the child's parents or custodian, or any other person in loco parentis of the child is entitled to representation by legal counsel at all stages of the proceedings under this chapter or Chapter 2152. of the Revised Code and if, as an indigent person, any such person is unable to employ counsel, to have counsel provided for the person pursuant to Chapter 120. of the Revised Code. * * * Counsel must be provided for a child not represented by the child's parent, guardian, or custodian. If the interests of two or more such parties conflict, separate counsel shall be provided for each of them."
 {¶ 19} In Williams, a guardian ad litem for a four year old boy recommended an award of permanent custody of the child to the county agency. That was contrary to the boy's expressed wish reported by the guardian ad litem to remain with his mother. The Supreme Court held that when a guardian ad litem who has also been appointed as the child's attorney pursuant to R.C.2151.281(H) recommends a disposition that conflicts with the child's wishes, the juvenile court must appoint independent counsel to represent the child. The Court cited and relied on the provisions of R.C. 2151.352 and on Juv.R. 4(A), which states:
 {¶ 20} "Assistance of counsel. Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent. These rights shall arise when a person becomes a party to a juvenile court proceeding. When the complaint alleges that a child is an abused child, the court must appoint an attorney to represent the interests of the child. This rule shall be construed to provide for a right to appointed counsel in cases in which that right is not otherwise provided for by constitution or statute."
 {¶ 21} Appellant Ellison argues that the Juvenile Court erred when it adopted its magistrate's decision because the magistrate abused her discretion by not commencing the hearing anew after counsel was appointed to represent the two children. We conclude that this contention presents no basis to reverse, for several reasons.
 {¶ 22} First, though per Williams the Appellant's two children were parties to the proceeding, and though per Juv.R. 40(A) the right to counsel conferred by R.C. 2151.352 "arise(s) when a person becomes a party to a juvenile court proceeding," the appointment that Williams requires is triggered by a conflict between the recommendation of the guardian ad litem/attorney and the child's wishes concerning custody. In this case, that showing occurred only after the proceeding had commenced. In Williams, the conflict was known prior to any hearing.
 {¶ 23} Second, the magistrate exercised the authority conferred on her by Juv.R. 40(3)(a)(i) to appoint an attorney pursuant to Juv.R. 4. Complementing that provision, Juv.R. 40(C)(b) provides:
 {¶ 24} "Appeal of pretrial orders. Any person may appeal to the court from any order of a magistrate entered under division (C)(3)(a) of this rule by filing a motion to set aside, stating the party's objections with particularity. The motion shall be filed no later than ten days after the magistrate's order is entered. The pendency of a motion to set aside does not stay the effectiveness of the magistrate's order unless the magistrate or the court grants a stay."
 {¶ 25} Appellant Ellison filed no objection pursuant to Juv.R. 40(3)(a)(i), arguing that the magistrate should have commenced the hearings anew. That failure waives the error assigned. Neither did Appellant object to that aspect of the proceedings before the magistrate in relation to the findings and conclusions in the magistrate's decision, and per Juv.R. 40(E)(3)(d) that failure waives Appellant's right to assign the error on appeal.
 {¶ 26} Third, Attorney Butler, who was appointed to represent the children, declined the opportunity the magistrate offered to call other witnesses who had testified at the earlier hearing. That was done with full knowledge of what those witnesses had said, because Attorney Butler was provided a transcript of that earlier hearing.
 {¶ 27} Fourth, only an aggrieved party may appeal a judgment or order of a trial court, and to be an aggrieved party and for an appeal to lie a party claiming to be an appellant must show that his or her rights have been adversely affected by the judgment or order. Ohio Contract Carriers Assn. V. PublicUtilities Commission (1942), 140 Ohio St. 160; Tschantz v.Ferguson (1989), 49 Ohio App.3d 9. Those requirements comprehend the requirement that a person have "standing" to appeal.
 {¶ 28} After Attorney Butler was appointed to represent the children, Appellant Ellison could no longer claim standing to object that the children's rights in the subsequent proceedings were violated. To do so would assume an identity of her interests with the children that we recognized in In re Alfrey, Clark App. No. 01CA0083, 2002-Ohio-608, but which the Supreme Court expressly rejected in Williams.
 {¶ 29} The assignment of error is overruled. The judgment of the Juvenile Court will be affirmed.
Brogan, J. And Fain, J., concur.