Turner, J.
 

 It is fundamental that appeal lies only ■ on behalf of a party aggrieved. Unless an appellant can show that
 
 his rights
 
 have been invaded, no error is shown to have been committed by the court or body which entered the final order.
 

 As stated in 2 American Jurisprudence, 941, Section 149:
 

 “It is a fundamental rule that to be entitled to institute appeal or error proceedings a person must have a present interest in the subject-matter of the litigation and must be aggrieved or prejudiced by the judgment, order or decree.”
 

 In Section 150,
 
 ibid,
 
 it is said:
 

 “A cardinal principle which applies alike to every person desiring to appeal, whether a party to the record or not, is that he must have an interest in the subject-matter of the litigation. His interest must be immediate and pecuniary, and not a remote consequence of the judgment; a future, contingent or speculative interest is not sufficient.”
 

 In Section 152,
 
 ibid,
 
 it is said:
 

 “In addition to the requirement of a substantial interest in the subject-matter of the litigation, it is essential, in order that a person may appeal or sue out a ■writ of error, that he shall be aggrieved or prejudiced by the judgment or decree. Appeals are not allowed for the purpose of settling abstract questions, however interesting or important to the public generally, but only to correct errors injuriously affecting the appellant.
 
 ’ ’
 

 Appellant claims that it was an “interested party” to the proceeding before the commission. This claim is based upon that part of Section 614-83, General
 
 *162
 
 Code, which authorizes the Public Utilities Commission to “cooperate with the federal government and the several states, and the duly authorized officials thereof, and with any organization of motor carriers in the administration and enforcement of this chapter [Sections 487 to 614-128, General Code].”
 

 Whatever may be claimed for appellant’s rights under Section 614-83, General Code, such rights are subject to the limitations contained in other sections of the chapter relating to the Public Utilities Commission.
 

 Section 544, General Code, provides:
 

 “A final order made by the commission shall be reversed, vacated or modified by the Supreme Court on appeal, if upon consideration of the record such court is of the opinion that such order was unlawful or unreasonable.”
 

 As Section 544, General Code, was re-enacted as a part of the “Act to Establish a Simplified Method of Appellate Review” (116 Ohio Laws, 104, 120), we look to Section 12223-2, General Code (116 Ohio Laws, 105; 117 Ohio Laws, 615) for a definition of a final order. There it is defined as one “affecting a substantial right.”
 

 Section 499-6a, effective September 6, 1939, refers only to the persons who may practice before the commission and does not in any manner enlarge the list or character of parties who may appeal to this court.
 

 Section 614-89, General Code, provides:
 

 “In all respects in which the Public Utilities Commission has power or authority under this act, applications and complaints may be made and filed with such commission, processes issued, hearings held, opinions, orders and decisions made and filed, petitions for rehearings filed and acted upon, and all proceedings before the Supreme Court of this state considered and disposed of by such court in the manner, under the conditions and subject to the limitations and with
 
 *163
 
 the effect specified in the sections of the General Code governing the supervision of other public utilities by the commission.” This section makes applicable Section 544
 
 et seq.,
 
 General Code.
 

 At the hearing in this court, counsel for appellant admitted that appellant was not composed of more than approximately ten per cent of the contract motor carriers. Appellant did not claim to represent any specific permit holder. We need not stop to inquire whether appellant is such an “organization of motor carriers” as is referred to in Section 614-83, General Code. The record discloses no interest of any kind of appellant which is or could be affected by the commission’s order. The fact that counsel for appellant were heard by the commission in common with counsel and representatives of other interests, and the further fact that appellant may have been made a party to the proceedings before the commission, give appellant no right to appeal to this court in the absence of a showing that it is an
 
 aggrieved
 
 party whose
 
 substantial
 
 right has been affected by the questioned order.
 

 The motions to dismiss are sustained and the causes are dismissed.
 

 Motions sustained and causes dismissed.
 

 Weygandt, C. J., Williams, Matthias, Hart and Zimmerman, JJ., concur.
 

 Bettman, J., not participating.