OPINION
Plaintiffs-appellants, Gertie Headings and Edna Lengacher, next of kin of Mary G. Miller, appeal a decision of the Madison County Court of Common Pleas, Probate Division, denying motions to replace Miller's current guardian and to move Miller to another care facility.
In November 1995, Miller was found incompetent and her friend, Simon Beachy, was appointed guardian. Due to conflict, Beachy resigned as guardian and defendant-appellee, Austin P. Wildman, was appointed successor guardian. On November 14, 1996, appellants filed a motion for a hearing, stating the following:
 Now comes the Gertie Headings and Edna Lengacher, the sisters of the ward, Mary G. Miller, and move the Court for a review hearing of the Guardianship pursuant to O.R.C. 2111.44. The family has not been allowed to have any contact with the ward. Those not allowed to contact Mary have been Chauncy and Gertie Headings, sister and brother-in-law, Edna Lengacher, and Mr. and Mrs. Edwin Yutzy, nephew and niece-in-law. These facts were made known to the guardian. Communications from the care giver, Betty Porter, who is openly antgagonistic toward the family, were also made known to the guardian. * * * Therefore, the family requests a review hearing.
Appellee filed a memorandum in opposition arguing that "Section2111.44 Ohio Revised Code ("Sale of Lands of Foreign Wards") cited by the movant is totally inapplicable and irrelevant to the matters this movant wishes to bring before the court." Notwithstanding this objection, the court scheduled a hearing on appellants' motion.
The hearing commenced on November 14, 1996 and was continued until January 9, 1997. At the conclusion of the hearing, appellants requested that Miller be removed from her present care facility and that the court appoint a member of the family to be Miller's guardian. On January 27, 1997, the court denied appellants' motion to remove Wildman as Miller's guardian and also denied appellants' motion to move Miller to a different care facility.
Appellants' sole assignment of error contends that the trial court's decision denying their motion to move Miller was against the manifest weight of the evidence. Appellants did not appeal the trial court's decision not to replace the guardian. Appellee filed a cross-appeal asserting that appellants could not appeal the probate court's denial of appellants' request to move Miller because appellants lack standing.
Appellants had standing to petition the court to replace Wildman as Miller's guardian. In conjunction with this motion, appellants requested that the court move Miller from her current care facility. Both of these motions were denied. Appellants did not raise on appeal the issue of whether the probate court properly denied their motion to remove Wildman as guardian. However, in the interest of justice, we will address this issue as if it was properly raised. A review of the record supports the trial court's decision not to remove Wildman as Miller's guardian.
The probate court is the superior guardian of the person and property of an incompetent, while the guardian, as an officer or agent of the court, is subject always to the court's control, direction and supervision. In re Kreppner (Jan. 28, 1988), Cuyahoga App. No. 54419, unreported, at 4. The specific statutory authorization for removal of a guardian is supplied by R.C.2109.24, which provides in pertinent part:
 The court may remove any such fiduciary, after giving such fiduciary not less than ten days' notice, for habitual drunkenness, neglect of duty, incompetency, fraudulent conduct, because the interest of the trust demands it, or for any other cause authorized by law.
Removal of a guardian is within the sound discretion of the court and is subject to reversal only in the event of a clear abuse of discretion. In re: Estate of Jarvis (1980), 67 Ohio App.2d 94.
Appellants claim that the guardian and Miller's caregiver, Betty Porter, restricted their access to Miller by "brainwashing" Miller. For this reason, appellants requested that the trial court appoint a family member as Miller's guardian. The trial court described the situation as follows:
 The ward, herein, Mary G. Miller, is an eightyeight year old lady, who appears to feel that she is being unduly pressed by others, including family members. Her feelings do not appear to be altogether unjustified. Family members have secretly tape recorded her conversations, attempted to have the home where she stays closed by the state authorities, caused her choice of guardian to be replaced, filed other motions in this matter seeking strategic advantage, and now attempt to have her guardian replaced again and to have her moved to a residence where she does not wish to be.
The trial court found that Miller "wishes to visit with her relatives upon her own terms, when and where she chooses. That fact that she does not wish visitation, does not, in and of itself, establish the allegation that she has been `brainwashed,' as some of the parties herein appear to believe." The trial court further found that "Mrs. Miller was free to visit whomever she chose, and that the guardian would facilitate such visitation. The evidence further reflected that the home where she lives is clean, healthful, and sanitary. Even more significantly, the evidence reflects that her current environment has led to an improvement in her mental and physical condition, and that she appears to be contented and happy." Based upon the foregoing, this court finds no abuse of discretion in the trial court's decision to retain appellee as Miller's guardian.
We now turn to the issue raised on appeal, whether the trial court properly denied appellants' motion to remove Miller from her present care facility. However, before we address appellants' assignment of error, we will consider appellee's assignment of error on cross-appeal that appellants lack standing to bring the instant appeal.
"It is fundamental that appeal lies only on behalf of a party aggrieved. Unless an appellant can show that his rights have been invaded, no error is shown to have been committed by the court or body which entered the final order." (Emphasis sic.) Ohio Contract Carriers Ass'n., Inc. v. Public Utilities Commission (1942), 140 Ohio St. 160. The party appealing must have an interest in the subject matter of the litigation. Id. "His interest must be immediate and pecuniary, and not a remote consequence of the judgment; a future, contingent or speculative interest is not sufficient." Id. Furthermore, the interest sought to be protected must be within the realm of interests regulated or protected by statute or constitutional right. Franklin Cty. v. Schregardus (1992), 84 Ohio App.3d 591, 599.
In the instant case, appellants have not been adversely affected by the trial court's denial of the motion to move Miller to a different care facility. Appellants claim that Miller's caregiver, Betty Porter, restricted their access to Miller. For this reason, appellants requested that Miller be moved to a different care facility. However, the record reveals that Miller made a decision to only see certain family members. Through her guardian and her caregiver, Miller may limit her visitors to only those persons with whom she chooses to visit.
While appellants may wish to visit with Miller, they have no constitutional or statutory right to force Miller to visit with them. Accordingly, while appellants properly exercised their statutory right to petition for removal of the guardian in the probate court, appellants lack standing to challenge the decision of the guardian and the probate court not to move Miller to a different care facility. Appellee's assignment of error on cross-appeal is well-taken and is sustained. Furthermore, because appellants lack standing to bring the instant appeal, it is not necessary to address their assignment of error.
Appeal dismissed and cross-appeal sustained.
POWELL, P.J., and WALSH, J., concur.