**SCARBERRY et al.**

v.

**CITY OF PATASKALA BOARD OF ZONING APPEALS et al.**

Court of Common Pleas of Ohio,
Licking County.

No. 98 CV 124.

Decided Aug. 28, 1998.

C. *Bernard Brush,* for plaintiffs.

*W. Scott Hayes,* Pataskala Assistant Law Director, for city of Pataskala.

*Franklin E. Eck, Jr.,* for Dominion Homes, Inc.

---

GREGORY L. FROST, Judge.

This matter came before the court on the motion of Dominion Homes, Inc. ("Dominion") for judgment on the pleadings. For the reasons set out below, this court finds Dominion's motion to be well taken and grants the same.

■ Dominion's motion must be granted because the plaintiffs in this matter lack standing to challenge the variance granted to Dominion. The issue of standing to challenge a zoning variance was discussed by the Ohio Supreme Court in *Willoughby Hills v. C.C. Bar's Sahara, Inc.* (1992), 64 Ohio St.3d 24, 26, 591 N.E.2d 1203, 1205, wherein the court stated:

"Adjacent or contiguous property owners who oppose and participate in the administrative proceedings concerning the issuance of a variance are equally entitled to seek appellate review under R.C. 2506.01." *Id.,* citing *Roper v. Richfield Twp. Bd. of Zoning Appeals* (1962), 173 Ohio St. 168, 18 O.O.2d 437, 180 N.E.2d 591.

■ Also, the Fifth District Court of Appeals recently affirmed this court on a similar issue involving standing in *Wilkenfeld v. Granville* (Nov. 3, 1997), Licking App. No. 97 CA 42, unreported, 1997 WL 1138568. In *Wilkenfeld,* the court cited the Ohio Supreme Court's earlier decision, *Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm.* (1942), 140 Ohio St. 160, 23 O.O. 369, 42 N.E.2d 758, which was relied upon in *Willoughby,* and explained:

"Under the common law, it is well settled that the right to appeal can be exercised only by those parties who are able to demonstrate a present interest in

the subject matter of the litigation which has been prejudiced by the judgment of the lower court [*Ohio Contract, supra*].

" '* * *

" '* * * The private litigant has standing to complain of harm which is unique to himself. In contrast, a private property owner across town, who seeks reversal of the granting of a variance because of its effect on the character of the city as a whole, would lack standing because his injury does not differ from that suffered by the community at large. The latter litigant would, therefore, be unable to demonstrate the necessary unique prejudice which resulted from the board's approval of the requested variance.' " *Willoughby Hills* at 26–27, 591 N.E.2d at 1205–1206.

In this case, plaintiffs lack standing because (1) they did not participate in the administrative proceedings they now seek to reverse, and (2) they have not demonstrated an injury unique to themselves. First, the minutes and sign-in sheets from the hearings in which the variance was discussed demonstrate that the plaintiffs did not participate and oppose the variance. Second, even assuming that the plaintiffs participated at the hearings and opposed the variance, they still lack standing to challenge the variance because no evidence has been presented indicating that they are contiguous landowners who are suffering an injury unique in the community. Because the plaintiffs cannot demonstrate their attendance or participation at the hearings and because the plaintiffs have failed to produce evidence showing that they are contiguous landowners suffering a unique injury, the Dominion's motion for judgment on the pleadings must be, and hereby is, granted.

It is so ordered.

*Motion granted.*