OPINION
This is an accelerated appeal taken from a final judgment of the Geauga County Court of Common Pleas. Appellant, Ann E. Fisher-Yan, appeals from a decision of the common pleas court affirming the denial of a zoning variance by the Russell Township Board of Zoning Appeals.
In September 1996, James and Illona Blaszczak ("the Blaszczaks") acquired title to an 11.35 acre tract of land in Russell Township, Geauga County. The parcel of property is rectangular in shape with a depth of approximately 1,428 feet and a width/frontage of approximately 345 feet running along Music Street. At the time the Blaszczaks purchased the property, there was an existing one-story residential dwelling located in the northeast corner of the lot with a gravel drive leading to Music Street. The house contains three bedrooms and has an area of approximately 1,800 square feet.
The property in question is situated in an "R-3" zoning district of Russell Township. Pursuant to the Russell Township Zoning Resolutions ("Zoning Resolutions"), an R-3 district is zoned for residential use with a minimum lot area of 3.0 acres. The Zoning Resolutions also require that such lots have certain minimum dimensions, including 250 feet of frontage.
Upon purchasing the property, the Blaszczaks inquired into the possibility of splitting the parcel into two separate lots. The first lot would have been created in the northeast corner of the property by carving out a 3.0 acre tract containing the house. The lot would have been 523 feet deep and 250 feet wide. This lot would have also conformed to all of the minimum area and dimension requirements set forth in the Zoning Resolutions, including the 3.0 acre lot size and 250 feet of frontage. The second lot would have been comprised of the remaining 8.35 acres. Its configuration would have been in the shape of a flag on a pole (i.e., a flag lot), to wit: 95 feet of frontage along Music Street running south 523 feet and then opening up in the rear of the other lot to the full 345 foot width and the remaining depth of over 900 feet.
The Blaszczaks felt that the existing house was not large enough to accommodate the needs of their family, and they believed that the structure was not suitable for renovation and/or expansion. Consequently, the Blaszczaks desired to split the parcel into the two aforementioned smaller lots so that they could build a larger house on the 8.35 acre lot. The Blaszczaks intended to allow elderly family members to live in the house on the 3.0 acre lot and then transform the residence into a rental property after these relatives passed away.
After acquiring title to the property, the Blaszczaks contacted Bill Mason ("Mason"), the Russell Township Zoning Inspector, for the purpose of applying for a zoning certificate which would allow them to split the parcel into two separate lots. Mason refused to issue the requested certificate on the ground that the 8.35 acre lot resulting from the split would only have 95 feet of frontage in violation of the 250 foot requirement established by Section 5.2(B) of the Zoning Resolutions.
Following the denial of the zoning certificate, the Blaszczaks appealed to the Russell Township Board of Zoning Appeals (" the BZA") for an area variance. The variance sought by the Blaszczaks would have allowed them to deviate from the 250 foot frontage requirement, thereby opening up the door to subdivide the 11.35 acre parcel into the two smaller lots as previously described.
The BZA held public hearings on the variance requested by the Blaszczaks on February 9, 1998 and April 27, 1998. The Blaszczaks attended both hearings and were represented by counsel. During the course of these proceedings, James Blaszczak testified, and he and his wife were afforded the opportunity to present other evidence relating to their application for a variance. Mason and various members of the community, including a neighboring landowner, also testified at the hearings.
At the close of the April 27, 1998 hearing, the five members of the BZA engaged in a discussion of whether the strict application of the township zoning resolution relating to frontage would result in "practical difficulties" for the Blaszczaks. In doing so, the BZA members applied the pertinent standards governing area variances in Russell Township as codified in Section 9.14(1) of the Zoning Resolutions. These standards are modeled after the seven factors set forth by the Supreme Court of Ohio in Duncan v. Middlefield (1986), 23 Ohio St.3d 83. Upon analyzing the variance sought by the Blaszczaks, the BZA found that six of the seven Duncan factors weighed against the granting of the variance. As a result, the BZA voted unanimously to deny the Blaszczaks' request to allow the creation of a new lot, via the subdivision of the Music Street property, that would not have the required 250 feet of frontage.
Subsequently, the Blaszczaks appealed the decision of the BZA to the common pleas court pursuant to R.C. Chapter 2506. The transcript of the proceedings conducted before the BZA was filed as the record. The common pleas court established a briefing schedule, and the parties thereafter submitted written arguments in support of and opposition to the decision of the BZA.
On March 26, 1999, the common pleas court issued a judgment affirming the denial of the requested variance. In its written entry, the common pleas court reviewed the work of the BZA and engaged in a limited weighing of the evidence that had been introduced during the administrative hearings. Upon doing so, the common pleas court found that at least two of the Duncan factors did not weigh against the granting of the variance as previously determined by the BZA. Nevertheless, the common pleas court concluded that the ultimate decision of the BZA to deny the requested variance was not unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. The common pleas court, therefore, affirmed the administrative decision.
From this judgment, the Blaszczaks filed a timely notice of appeal with this court on April 26, 1999. Shortly thereafter, however, the Blaszczaks sold the entire 11.35 acre tract of land to appellant on May 27, 1999. The Blaszczaks did not retain any contingent interest in the property for themselves, but rather transferred the entire fee simple estate to appellant.
After both parties had filed briefs on the merits, appellees, the Russell Township Board of Trustees and Mason, filed a motion to dismiss the instant appeal on September 22, 1999. As grounds for the motion, appellees asserted that the Blaszczaks' sale of the subject property had divested them of legal standing to prosecute the appeal.
The Blaszczaks responded by filing a memorandum in opposition to the requested dismissal, along with a motion to substitute appellant in their place as the proper party to pursue the appeal. In their memorandum, the Blaszczaks argued that the transfer of property during the pendency of zoning litigation provides a proper basis upon which to substitute the new owner in place of the prior owner. They urged, therefore, that the substitution of appellant in their stead was the appropriate course of action. In addition, the Blaszczaks attached an affidavit from appellant to their motion to substitute. In this affidavit, appellant averred that she desired the same variance previously sought by the Blaszczaks, to wit: she wanted to split the parcel into two smaller lots which would result in the 8.35 acre lot having only 95 feet of frontage. Appellant expressly asked that she be substituted for the Blaszczaks in the current appeal.
Upon consideration, this court issued a judgment entry on December 13, 1999, granting the motion to substitute and overruling appellees' motion to dismiss. We further instructed the clerk of courts to remove the Blaszczaks' names from the docket and to substitute appellant's name in their place. Finally, we granted appellant and appellees permission to file supplemental briefs if desired. Neither party, however, submitted such a brief.
On May 22, 2000, this court remanded the matter for the sole purpose of determining whether or not appellant had standing to pursue this appeal. In a judgment entry dated July 25, 2000, the trial court complied with our request, finding that appellant had standing.
Appellant now prosecutes the appeal herein. She asserts the following assignment of error:
 "The court erred in finding that the denial of appellants' request for a variance by the Russell Township Board of Zoning Appeals was not unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of reliable, probative, and substantial evidence on the whole record."
Before addressing the merits of the assigned error, it would be helpful to acknowledge the appropriate standard of review. As stated earlier, the appeal at bar originated in the common pleas court under the authority of R.C. Chapter 2506. This chapter provides for an appeal from every final order, adjudication, or decision of any administrative agency within any political subdivision of the state to the appropriate common pleas court. R.C.2506.01.
R.C. 2506.04 governs the decision-making process of the reviewing court in an R.C. Chapter 2506 administrative appeal. It reads in part:
 "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision * * *."
The standard of review applied by the common pleas court is, therefore, whether there is a preponderance of substantial, reliable, and probative evidence in the record to support the decision of the administrative entity. Community Concerned Citizens,Inc. v. Union Twp. Bd. of Zoning Appeals (1993), 66 Ohio St.3d 452,456; Kisil v. Sandusky (1984), 12 Ohio St.3d 30,34; Dudukovich v. Lorain Metro. Hous. Auth. (1979),58 Ohio St.2d 202, 207; Meadow Creek Co., Inc. v.Brimfield Twp. (June 30, 1994), Portage App. No. 93-P-0070, unreported, at 1, 1994 WL 321231.
In undertaking this review, the common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts. Lawson v. Foster (1992), 76 Ohio App.3d 784,788; see, also, Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108,111. The common pleas court may not substitute its judgment for that of the agency, especially in areas of administrative expertise. Community Concerned Citizens, at 456;Dudukovich, at 207; Lawson, at 788. Furthermore, the common pleas court "is bound by the nature of administrative proceedings to presume that the decision of the administrative agency is reasonable and valid." Community Concerned Citizens, at 456; see, also, C. Miller Chevrolet v. Willoughby Hills (1974), 38 Ohio St.2d 298, paragraph two of the syllabus.
The role of an appellate court is more limited in scope. A court of appeals must affirm the decision of the common pleas court unless it finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of substantial, reliable, and probative evidence. Kisil, at 34; ATTWireless Serv., Inc. v. Streetsboro (June 26, 1998), Portage App. No. 97-P-0070, unreported, at 5, 1998 WL 813834. R.C. 2506.04
gives the common pleas court the authority to weigh the evidence, but the statute grants a more limited power to an appellate court to review the judgment of the common pleas court only on "questions of law." This does not accord an appellate court the same power to weigh "the preponderance of substantial, reliable and probative evidence" as is granted to the common pleas court.Kisil, at 34, fn. 4; ATT Wireless, at 5.
In the case sub judice, the Blaszczaks applied for an "area" variance, as opposed to a "use" variance. An area variance allows for the development of property in a manner which is generally not permitted by the applicable zoning regulations governing the particular zoned area, provided that the circumstances surrounding the development of the property satisfy certain standards. See Ohio Planning and Zoning Law (Ed. 2000), Section 9.2, at 382. By contrast, a use variance arises when a board of zoning appeals allows property to be used in a way that is not expressly or implicitly permitted by the relevant zoning code. See id., Section 9.4, at 387.
The variance sought by the Blaszczaks was an area variance because they desired to develop the Music Street property in a manner that would not fully comply with the frontage requirement established in Section 5.2(B) of the BZA. It was not a use variance because the development proposed by the Blaszczaks was residential in nature, thereby complying with the character of the R-3 zoning district in which the Music Street property is situated.
The Supreme Court of Ohio has established different standards for the granting of area variances and use variances, respectively. With regard to an area variance, the court has decreed that the appropriate standard is whether the strict application of a given zoning ordinance will result in "practical difficulties." In contrast, the governing test for a use variance is whether a particular zoning ordinance creates an "unnecessary hardship" with respect to the use of the property.
As referenced previously, the Supreme Court of Ohio spelled out the requirements for area variances in the seminal case ofDuncan wherein the court held:
 "The factors to be considered and weighed in determining whether a property owner seeking an area variance has encountered practical difficulties in the use of his property include, but are not limited to: (1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance; (2) whether the variance is substantial; (3) whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance; (4) whether the variance would adversely affect the delivery of governmental services (e.g., water, sewer, garbage); (5) whether the property owner purchased the property with knowledge of the zoning restriction; (6) whether the property owner's predicament feasibly can be obviated through some method other than a variance; (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance." Id. at syllabus.
In the case at bar, Russell Township has incorporated the Duncan
criteria into Section 9.14(1) of the Zoning Resolutions which governs the issuance of area variances. Upon applying the Duncan
factors as codified in Section 9.14(1), the BZA found that the only factor weighing in favor of granting the variance to the Blaszczaks was the fourth criterion, to wit: if granted, the variance would not adversely affect the delivery of governmental services to the Music Street property. Given the conclusion that the remaining six Duncan factors did not favor the Blaszczaks' request, the BZA voted unanimously to deny the variance.
On appeal from the administrative decision, the common pleas court weighed the evidence presented during the hearings before the BZA. In doing so, the common pleas court arrived at a different conclusion than the BZA with respect to several of theDuncan factors. Specifically, the common pleas court ruled that the variance sought by the Blaszczaks was not substantial (i.e., the second factor) and that the variance would neither substantially alter the essential character of the neighborhood nor cause adjoining properties to suffer a substantial detriment (i.e., the third factor). In addition, the common pleas court agreed with the BZA that the granting of the variance would not adversely affect the delivery of governmental services (i.e., the fourth factor). When balanced against the competing concerns reflected in the remaining Duncan factors, however, the common pleas court concluded that the decision of the BZA should be upheld.
Upon review, it is obvious that the decision of the common pleas court must be affirmed for the simple reason that there is no evidence in the record to support the proposition that appellant is entitled to an area variance under the Duncan
analysis. In this regard, it is important to reiterate that it was the Blaszczaks who unsuccessfully applied for the variance. After their request was denied, the Blaszczaks appealed to the common pleas court. Finally, after the common pleas court affirmed the decision of the BZA, the Blaszczaks appealed to this court.
In the appeal herein, the Blaszczaks filed a brief on the merits containing one assignment of error. The appellate brief was submitted on August 23, 1999. This was before the Blaszczaks moved this court to substitute appellant in their place for purposes of prosecuting the appeal. As a result, the appellate brief focuses solely on the evidence and arguments presented by the Blaszczaks to the BZA when applying for the variance.
The Blaszczaks sold the Music Street premises to appellant without retaining any contingent interest in the property. They did so after their notice of appeal had been filed in this court. Under these circumstances, it is uncontroverted that the Blaszczaks no longer had standing to prosecute the instant appeal. As the Supreme Court of Ohio has explained:
 "Under the common law, it is well settled that the right to appeal can be exercised only by those parties who are able to demonstrate a present interest in the subject matter of the litigation which has been prejudiced by the judgment of the lower court. Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm. (1942), 140 Ohio St. 160, 161, 23 O.O. 369, 370, 42 N.E.2d 758, 759. `Appeal lies only on behalf of a party aggrieved by the final order appealed from. Appeals are not allowed for the purposes of settling abstract questions, but only to correct errors injuriously affecting the appellant.' Id. at syllabus." Willoughby Hills v. C.C. Bar's Sahara, Inc. (1992), 64 Ohio St.3d 24, 26.
Given their lack of standing to prosecute the appeal, the Blaszczaks moved to substitute appellant in their place. This court granted the motion. As it stands now, therefore, appellant is the party pursuing the appeal of the common pleas court's decision.
The record, however, contains absolutely no evidence as to appellant's reasons for wanting the area variance. All of the evidence and argumentation before the BZA related solely to the request of the Blaszczaks. There is nothing in the record that sheds any light on various relevant questions, including: (1) Is appellant planning on constructing a larger residence on the 8.35 acre of land?; (2) What would appellant's intention be with respect to the existing house on the 3.0 acre lot?; and (3) What, if anything, would appellant do to minimize the impact of further development on neighboring landowners?
Although not all of the Duncan factors are contingent upon the identity of the party seeking the area variance, there are several factors that are context specific. The Duncan analysis as a whole, therefore, depends on the specific predicament, or practical difficulties, faced by a given property owner. In the present case, there is simply nothing in the record to support the conclusion that appellant is entitled to an area variance because she was not the person who applied for the variance and presented evidence to the BZA. Given this, we must affirm the judgment of the common pleas court.
Based on the foregoing analysis, the assignment of error is not well-taken. Accordingly, the judgment of the common pleas court is affirmed.
JUDGE MARY CACIOPPO, Ret., Ninth Appellate District, sitting by assignment.
FORD, P.J., NADER, J., concur.