OPINION
Appellant Mount Union College appeals the June 1, 2001 Judgment Entry of the Stark County Court of Common Pleas, sustaining the April 19, 2000 and September 20, 2000 decisions of the City of Alliance Planning Commission, which approved appellee Mohammed Alihassan's amended site plan.
 STATEMENT OF THE FACTS AND CASE
Mohammed Alihassan has operated Meadowbrook Beverage, a drive-thru retail store located at the northwest corner of the McKinley Avenue and State Street intersection in Alliance, Ohio, for approximately 22 years. The business, which sells a variety of sundries including beverages, lottery tickets and newspapers, is situated on property owned by Alihassan. The property, which is zoned B-1, adjoins property owned by Mount Union College.
Alihassan decided to raze the Meadowbrook Beverage building and redevelop the property into a new drive-thru establishment, which would not only maintain the existing retail sales, but also sell gasoline and include a fast food restaurant. For this reason, Alihassan sought a zoning certificate from the City of Alliance's Zoning Inspector for the sale of gasoline on the subject property. The Zoning Inspector denied Alihassan's request for a zoning certificate because service stations are prohibited in B-1 zones. Alihassan appealed the Zoning Inspector's decision to the Board of Zoning Appeals (BZA). Alihassan specifically sought a variance "for use to allow the retail sale of gasoline in a B-1 Zone." The BZA scheduled a meeting for February 16, 1999. Although notice of the meeting was sent to the adjoining landowners, including Mount Union College, neither Mount Union College nor any other adjoining landowners appeared at the February 16, 1999 meeting. The BZA granted Alihassan's request for a use variance to permit the retail sales of gasoline in a B-1 zone.
Subsequently, Alihassan sought site plan approval for his proposed new drive-thru from the City of Alliance's Planning Commission. At the same time, he requested all of the parcels of land he owned be replated into one lot. The Planning Commission considered the application for site plan approval at a meeting on March 17, 1999. Despite the fact notice of the meeting was published in the Alliance Review, the local newspaper, Mount Union College did not appear at the March 17, 1999 meeting. At the conclusion of the meeting, the Planning Commission approved both the proposed replat of Alihassan's lots and proposed site plan.
Mount Union College appealed, pursuant to R.C. Chapter 2506, the BZA's February 16, 1999 decision and the Planning Commissions' March 17, 1999 decision to the Stark County Court of Common Pleas. In its notice of appeal, Mount Union College alleged:(1) it was directly and adversely affected by the BZA's decision to grant Alihassan's application for a variance permit and by the Planning Commission's decision to grant his application for a replat and site plan, (2) the approval of the zoning variance, replat and site plan violated the Alliance City Zoning Resolution and the City of Alliance's codified ordinances, (3) such approval was improperly granted since Alihassan failed to comply with the Alliance City Zoning Resolution and codified ordinances, and (4) approval of the variance, replat and site plan was illegal, arbitrary, capricious, unreasonable, unlawful and unsupported by a preponderance of substantial, reliable and probative evidence. Alihassan filed a motion to dismiss, specifically alleging Mount Union College lacked standing to prosecute its appeal and failed to post the requisite supersede as bond under R.C. 2505.06. The trial court conducted an evidentiary hearing on the motion on September 17, 1999.
Via Judgment Entry filed November 22, 1999, the trial court dismissed Mount Union College's appeal relative to the BZA's decision. The trial court found the college lacked standing to appeal the use variance granted by the BZA "because Mount Union did not participate in the administrative proceedings it now seeks to reverse." However, the trial court overruled Alihassan's motion to dismiss Mount Union College's appeal relative to the Planning Commission's decision on lack of standing grounds. The trial court found Mount Union was not given proper notice nor an opportunity to be heard "regarding the requested variance pertaining to setback requirements"; therefore, was denied due process. The trial court also found insufficient evidence to support the Planning Commission's decision "as the site plan does not comply with zoning setback requirements." Accordingly, the trial court reversed the decision of the Planning Commission. Alihassan filed a timely appeal of the November 22, 1999 Judgment Entry to this Court. This Court affirmed the trial court's November 22, 1999 Judgment Entry via Memorandum-Opinion filed December 18, 2000.[1]
While the appeal was pending, Alihassan amended his site plan to provide for a twenty foot setback in an attempt to conform with the trial court's determination relative to the setback requirement. The Planning Commission considered and approved the amended plan on April 20, 2000. Mount Union College filed an administrative appeal of the April 20, 2000 decision in the Stark County Court of Common Pleas. Alihassan amended the site plan once again. The Planning Commission approved the plan on September 20, 2000. Mount Union College filed another administrative appeal of the September 20, 2000 decision in the Stark County Court of Common Pleas.
The trial court consolidated Mount Union College's appeal of the April 20, 2000 and September 20, 2000 Planning Commission decisions. Alihassan again raised the issue of Mount Union College's standing. Via Judgment Entry filed June 1, 2001, the trial court sustained the April 20, 2000 and September 20, 2000 decisions of the Planning Commission, finding the decisions were supported by a preponderance of reliable, probative, and substantial evidence.
It is from this Judgment Entry, Mount Union College appeals, raising the following assignment of error:
 THE TRIAL COURT ERRED IN RULING THE ALLIANCE CODIFIED ORDINANCES DO NOT REQUIRE REVIEW BY THE ZONING INSPECTOR.
 THE TRIAL COURT ERRED IN FINDING THE CITY OF ALLIANCE HAS APPROVED THE SITE PLAN AND FOUND IT IN COMPLIANCE.
 THE TRIAL COURT ERRED IN RULING THAT ALLIANCE CODIFIED ORDINANCES DO NOT REQUIRE THAT MULTIPLE USE BUILDINGS THAT ARE LOCATED ON ONE PARCEL OF LAND BE DEMOLISHED.
 THE TRIAL COURT ERRED IN FINDING ADEQUATE PARKING SPACE AND ADEQUATE LOADING/UNLOADING SPACE.
 THE TRIAL COURT ERRED IN PERMITTING THE ALLIANCE PLANNING COMMISSION TO GRANT VARIANCES.
 THE TRIAL COURT ERRED IN FINDING THAT THE PLAN HAS BEEN REVIEWED BY THE LAW DIRECTOR AND THE SAFETY SERVICE DIRECTOR OF THE CITY OF ALLIANCE AND NEITHER HAS FOUND ANY OBJECTION TO THE PLAN.
Before we discuss appellant's assignments of error, we must first determine whether the college has standing to challenge the Planning Commission's approval of Alihassan's amended site plan.[2]
Mount Union College claims Alihassan waived the standing issue by not raising it before the Planning Commission. "The issue of standing, inasmuch as it is jurisdictional in nature, may be raised at any time during the pendency of the proceedings."[3] The record reveals Alihassan raised the issue of standing to the trial court. Having done so, we find Alihassan did not waive its challenge to Mount Union College's standing.
"The right to appeal an administrative decision is neither inherent nor inalienable; to the contrary it must be conferred by statute."[4] InMidwest Fireworks Mfg. Co. v. Deerfield Twp. Bd. of Zoning, the Ohio Supreme Court stated:
 In Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm. (1942), 140 Ohio St. 160, * * * this court held: "Appeal lies only on behalf of a party aggrieved by the final order appealed from." Id. at syllabus. An "aggrieved" party is one whose interest in the subject matter of the litigation is "`immediate and pecuniary, and not a remote consequence of the judgment.'" Id. at 161 * * * Thus, in order to have standing to appeal, a person must be "able to demonstrate a present interest in the subject matter of the litigation which has been prejudiced" by the judgment appealed from. Willoughby Hills v. C.C. Bar's Sahara, Inc. (1992), 64 Ohio St.3d 24, 26 * * * See, also, Black's Law Dictionary (7 Ed.1999) 1144 (defining "aggrieved party" as one whose "personal, pecuniary, or property rights have been adversely affected by another person's actions or by a court's decree or judgment"). A future, contingent, or speculative interest is not sufficient to confer standing to appeal. Ohio Contract Carriers, 140 Ohio St. at 161 * * *[5]
A review of the record in this case reveals Mount Union College failed to present evidence to establish it is an "aggrieved party."[6] Having failed to do so, we find Mount Union College lacks standing to challenge the Planning Commission's decision.[7]
Accordingly, we dismiss Mount Union College's appeal for lack of standing.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, appellant's appeal is dismissed for lack of standing. Costs assessed to appellant.
Hon. W. Scott Gwin, P.J., Hon. William B. Hoffman, J., concur. Hon. John W. Wise, J., dissents.
[1] Alihassan v. Alliance Bd. of Zoning Appeals (Dec. 18, 2000), Stark App. No. 1999CA 00402, unreported.
[2] Mount Union College argues Alihassan is precluded from raising the issue of the college's standing because appellee failed to file a Notice of Cross-Appeal. We disagree. Pursuant to App. R. 3(C)(2), a party is not required to file a cross appeal if the person "intends to defend a judgment or order appealed by an appellant on a ground other than that relied on by the trial court but . . . does not seek to change the judgment or order is not required to file a notice of cross appeal."
[3] New Boston Coke Corp. v. Tyler (1987), 32 Ohio St.3d 216, 218;Accord, Buckeye Foods v. Cuyahoga Cty. Bd. of Revision (1997),78 Ohio St.3d 459, 460.
[4] Midwest Fireworks Mfg. Co. v. Deerfield Twp. Bd. of Zoning (2001),91 Ohio St.3d 174, 177. (Citation omitted).
[5] Id.
[6] The fact this Court concluded, in the first appeal, Mount Union College was directly affected by the Planning Commission's decision does not relieve the college of its burden, in this new case, of demonstrating it was uniquely harmed or directly affected by the instant, amended site plan.
[7] We note Midwest Fireworks was decided on March 28, 2001, subsequent to our opinion in Alihassan v. Alliance Board of Zoning, supra.