This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants[1], Joseph Antush ("Antush") and Mary Ann Miles ("Miles"), appeal from the judgments in the Lorain County Court of Common Pleas that dismissed their administrative appeals. We affirm.
 {¶ 2} This case stems from three separate appeals challenging the action of the North Ridgeville City Council ("Council") approving the final development plans for the Planned Community Developments ("PCD") of Waterbury and Meadow Lakes. As this case involves three separate appeals with similar issues, the appeals have been consolidated for purposes of review.
 {¶ 3} Antush filed two separate administrative appeals in the Lorain County Court of Common Pleas pursuant to R.C. Chapters 2505 and 2506. He specifically challenged Council's approval of the final development plans of Phase I, II, and III of Meadow Lakes PCD. Thereafter, FJD Properties, LLC ("FJD") and All-Purpose Construction, Inc. ("All-Purpose") moved to intervene; the trial court granted the motion to intervene. FJD and All-Purpose also moved to dismiss both appeals. The trial court found the appeals legislative in nature, which eliminated the availability of an administrative appeal in the court of common pleas; therefore, the court granted FJD and All-Purpose's motion and dismissed the appeals.
 {¶ 4} Similarly, in accordance with R.C. Chapters 2505 and 2506, Miles filed an administrative appeal in the Lorain County Court of Common Pleas. Her appeal addressed Council's approval of the final development plan of Phase I of Waterbury PCD. Sugar Chestnut, LLC ("Sugar Chestnut") moved to intervene, and the trial court granted its motion. Subsequently, the trial court determined that it lacked jurisdiction to consider the appeal because it was untimely filed and a legislative action rather than an administrative action. Accordingly, the trial court dismissed the appeal.
 {¶ 5} It is from the trial court's dismissals of the administrative appeals that Appellants appeal and raise two assignments of error for review.
 ASSIGNMENT OF ERROR ONE "The [t]rial [c]ourt erred in granting the [m]otion to [d]ismiss for lack of subject matter jurisdiction, holding that the Council's approval of the final development plans of the Waterbury and Meadow Lakes Planned Community Developments for subdivisions already zoned to PCD Zoning, constituted implementation of the PCD Zoning, legislative action which can not [sic.] [be] appealed under [R.C.] 2506."
 {¶ 6} In their first assignment of error, Appellants contend that the trial court erroneously dismissed the administrative appeals. Specifically, Appellants contend that Council's approval of the final development plans were administrative in nature and, as such, subject to review by the Lorain County Court of Common Pleas. Although we agree that these appeals were administrative in nature, we nonetheless find that Appellants lacked standing to pursue the appeals.
 {¶ 7} According to the common law doctrine of standing, only those parties who can demonstrate a present interest in the subject matter of the litigation, which has been prejudiced by the decision of the lower court, possess the right to appeal. Willoughby Hills v. C. C. Bar'sSahara, Inc. (1992), 64 Ohio St.3d 24, 26, citing Ohio Contract CarriersAssn., Inc. v. Pub. Util. Comm. (1942), 140 Ohio St. 160, 161. "Appeal lies only on behalf of a party aggrieved by the final order appealed from. Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant." Ohio Contract Carriers Assn., Inc., 140 Ohio St. 160 at syllabus. The party seeking to appeal bears the burden to establish standing. Jenkins v. Gallipolis (1998), 128 Ohio App.3d 376, 381.
 {¶ 8} Although R.C. Chapter 2506 provides generally for administrative appeals from administrative determinations by political subdivisions, it does not address who has standing to bring such an appeal. The legislature's silence on this issue was nevertheless resolved by the Supreme Court of Ohio in Roper v. Richfield Twp. Bd. of ZoningAppeals (1962), 173 Ohio St. 168, syllabus. In Roper, the Court determined who has standing to bring an administrative appeal under R.C. Chapter 2506 and specifically stated:
 "[a] resident, elector and property owner of a township, who appears before a township Board of Zoning Appeals, is represented by an attorney, opposes and protests the changing of a zoned area from residential to commercial, and advises the board, on the record, that if the decision of the board is adverse to him he intends to appeal from the decision to a court" possess the right to appeal. Id.
 {¶ 9} Subsequently, the Court narrowed the class of persons who possess standing to those whose property rights are "directly affected" by the contested administrative order. Schomaeker v. First Nat'l Bank
(1981), 66 Ohio St.2d 304, 311-312.
 {¶ 10} Upon a review of the record, we find that Appellants failed to satisfy their burden, as they did not establish their right to pursue the administrative appeals. Particularly, Appellants did not provide this court with a transcript of the minutes of the hearings before Council at which they were to appear, voice their objections and protests to the zoning change, and advise Council "that if the decision of [Council] is adverse to [them they] intend to appeal from the decision to a court."See Roper, 173 Ohio St. 168 at syllabus. Without an adequate record illustrating Appellants' compliance with the requirements of Roper, we need not determine whether Appellants were "directly affected" by the contested administrative order. As such, we cannot say that Appellants had standing to pursue the appeals in the Lorain County Court of Common Pleas.
 {¶ 11} Despite the trial court's erroneous determination that the appeals were legislative in nature to substantiate its dismissals, we conclude that Appellants lacked standing to institute the administrative appeals. Therefore, we will not reverse a correct judgment on the basis that the trial court applied an erroneous rationale. Myers v. Garson
(1993), 66 Ohio St.3d 610, 614; Agricultural Ins. Co. v. Constantine
(1944), 144 Ohio St. 275, 284; In re the Proposed Annexation of 222.71Acres (Sept. 12, 2001), 9th Dist. No. 20563 at 15, quoting State ex rel.Gilmore v. Mitchell (1999), 86 Ohio St.3d 302, 303. We reach the same result, but for different reasons than those stated by the trial court. Accordingly, Appellants' first assignment of error is overruled.
 ASSIGNMENT OF ERROR TWO "The [t]rial [c]ourt erred in granting the [m]otion to [d]ismiss for lack of subject matter jurisdiction, holding that an administrative appeal was not timely filed pursuant to [R.C.] 2505.07 when it was filed on the next business [day], after the thirtieth day which fell on a Saturday."
 {¶ 12} In their second assignment of error, Appellants aver that the trial court erroneously granted the motion to dismiss on the basis that the administrative appeal was not timely filed. In light of our disposition in assignment of error one, we need not address this assignment of error, as it is now rendered moot. See App.R. 12(A)(1)(c).
 {¶ 13} Appellants' first assignment of error is overruled and their second assignment of error is not addressed. The judgments of the Lorain County Court of Common Pleas are affirmed.
BAIRD, J. and CARR, J. CONCURS.
[1] Although Antush and Miles are the named "Appellants," they represent a number of individuals appealing the dismissals, and they include: Mike Tyson, John Prajzner, Chris Crobaugh, Ron Hawke, Marian Hawke, Josephine Perryman, and Rick Vargo.