OPINION
{¶ 1} Appellee, guardian ad litem ("guardian"), has filed a motion to dismiss the instant appeal, arguing in part that appellant, Angela Lloyd, ("appellant"), supervising attorney of The Ohio State University Moritz College of Law Justice for Children Practicum ("Ohio State"), lacks standing to appeal. For the following reasons, we grant the guardian ad litem's motion to dismiss.
 {¶ 2} On October 3, 2002, Franklin County Children's Services ("FCCS") filed a complaint in the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, alleging that Andreis Elliot ("Elliot") was a dependent minor within the definition of R.C. 2151.04(C). Therein, FCCS asked the court for temporary custody of Elliot. The next day, the Franklin County Public Defender's Office ("Public Defender") was appointed as guardian ad litem for Elliot. Following a hearing held December 19, 2002, Elliot was found to be a dependent minor and temporary custody was given to FCCS.
 {¶ 3} On October 17, 2003, Elliot signed a document purporting to authorize Ohio State to represent him in the pending dependency proceeding and at a hearing scheduled for October 24, 2003. At that hearing, appellant attempted to enter her appearance as counsel for Elliot. However, the magistrate refused to allow appellant to enter her appearance[1] and ordered that the hearing be continued so that an in camera interview could be conducted with Elliot. On October 27, 2003, the magistrate conducted an in camera hearing with Elliot. After speaking with Elliot, the magistrate ordered that attorney Luisa Stefanelli be appointed to represent Elliot, and that the Public Defender continue as guardian ad litem.
 {¶ 4} On October, 28, 2003, appellant filed a motion entitled "Motion to Set Aside Magistrate's Order," in which she requested that the court set aside the "Magistrate's order disqualifying the Child's retained counsel." That same day, appellant filed a motion to stay the proceedings while the court considered the motion to set aside the magistrate's order, which was granted by the trial court on October 29, 2003. The trial court vacated the order to stay the proceedings on October 31, 2003. On November 4, 2003, appellant submitted a motion entitled "Motion to Request Findings of Fact and Conclusions of Law" related to the order to vacate the stay. By decision dated December 1, 2003, the trial court denied appellant's motion. The court found it was not obligated under Civ.R. 52 to provide findings of fact and conclusions of law because it "did not assume the role of fact finder when granting the Order to Stay on October 29, 2003, not [sic] did it assume the role of fact finder when the Order to Stay was vacated on October 31, 2003." (December 1, 2003 Decision at 3.)
 {¶ 5} On December 12, 2003, appellant filed a motion entitled "Motion to Access the Tape Recorded Record of Prior Hearings." Therein, she requested access to the hearings held on October 24, 2002 [sic] and October 27, 2002 [sic] in order to "determine on what grounds undersigned counsel was disqualified from representing [Elliot.]" The court denied appellant's motion by entry journalized on December 18, 2003.
 {¶ 6} The magistrate conducted a hearing on November 10, 2003 on FCCS' motion to extend temporary custody, in which Luisa Stefanelli appeared as counsel for Elliot. On November 18, 2003, the court adopted the magistrate's decision extending temporary custody for six months and adopted the amended case plan. A further hearing was held before the magistrate on April 23, 2004. The magistrate's decision adopted by the trial court May 25, 2004 reads in pertinent part:
Sustain the motion filed January 26, 2004 to exercise continuing jurisdiction over this matter. Terminate the Wardship of Andreis Elliot and terminate the temporary custody of Andreis Elliot to Franklin County children services with custody reverting back to vera breckenridge.
 {¶ 7} Appellant, acting in her individual capacity, filed the instant appeal from the trial court's December 1, 2003 and December 18, 2003 decisions. On January 29, 2004, the guardian ad litem for Elliot filed a motion to dismiss the appeal. Therein, the guardian contends in part that appellant does not qualify as a party to the proceedings under Juv.R. 2(Y) and thus lacks standing to pursue this appeal. In response, appellant contends she is an aggrieved person with immediate and pecuniary interest in the judgment. Appellant asserts that her alleged "disqualification" in the instant matter is "substantial and paramount as it affects her reputation, her ability to attract clients and thus her ability to practice law." (Appellant's response at 11.)
 {¶ 8} In addressing the guardian ad litem's motion to dismiss, we begin by noting that a party under Juv.R. 2(Y) is defined as:
a child who is the subject of a juvenile court proceeding, the child's spouse, if any, the child's parent or parents, or if the parent of a child is a child, the parent of that parent, in appropriate cases, the child's custodian, guardian, or guardian ad litem, the state, and any other person specifically designated by the court.
 {¶ 9} An appeal lies only on behalf of an aggrieved party. In OhioContract Carriers Assn. v. Public Utilities Comm. (1942), 140 Ohio St. 160,161, 23 O.O. 369, 42 N.E.2d 758, the Supreme Court of Ohio held:
It is a fundamental rule that to be entitled to institute appeal or error proceedings a person must have a present interest in the subject-matter of the litigation and must be aggrieved or prejudiced by the judgment, order or decree. A cardinal principle which applies alike to every person desiring to appeal, whether a party to the record or not, is that he must have an interest in the subject-matter of the litigation. His interest must be immediate and pecuniary, and not a remote consequence of the judgment; a future, contingent or speculative interest is not sufficient. In addition to the requirement of a substantial interest in the subject-matter of the litigation, it is essential, in order that a person may appeal or sue out a writ of error, that he shall be aggrieved or prejudiced by a judgment or decree. Appeals are not allowed for the purpose of settling abstract questions, however interesting or important to the public generally, but only to correct errors injuriously affecting an appellant.
(Citations omitted.) See, also, In re Guardianship of Love v. Tupman
(1969), 19 Ohio St.2d 111, 112, 249 N.E.2d 794; Midwest FireworksManufacturing Co., Inc. v. Deerfield Township Bd. of Zoning Appeals
(2001), 91 Ohio St.3d 174, 177, 743 N.E.2d 894; Bank of New York v.Barclay, Franklin App. No. 03AP-844, 2004-Ohio-1217, at ¶ 32.
 {¶ 10} This court has held that "an attorney is not an aggrieved party and lacks standing to appeal in his own name from a judgment or decree affecting the interest of his client." Boyer v. Mason (Sept. 27, 1979), Franklin App. No. 79AP-201, 1979 Ohio App. LEXIS 11821 at *5. See, also, 4 Ohio Jurisprudence 3d (2003), Appellate Review, 116 ("The general rule is that an attorney cannot, in the attorney's own name, and on the attorney's own motion, appeal from a judgment or decree affecting the interest of the attorney's client").
 {¶ 11} Here, the magistrate refused to allow appellant to enter her appearance in the instant matter. As such, appellant was not a "party" as defined under Juv.R. 2(Y), as she did not serve as guardian ad litem and was not a person "specifically designated by the court." Moreover, neither Elliot nor any individual who was a party to this case joined in the instant appeal or appealed from the final outcome of this case.
 {¶ 12} Appellant has failed to identify any immediate and pecuniary interest in the subject matter. The interest she does identify is but a remote consequence of the trial court's decision not to permit her to enter as counsel. Thus, we find appellant was not aggrieved by the trial court's December 1, 2003 or December 18, 2003 decisions, and therefore does not have standing to appeal from them. For the foregoing reasons, the guardian ad litem's motion to dismiss is granted and this appeal is dismissed.
Motion granted; appeal dismissed.
Brown, P.J., and Lazarus, J., concur.
[1] At the hearing, the guardian ad litem argued that appellant had contact with Elliot without her permission and objected to appellant's attempt to enter her appearance on behalf of Elliot. Based on the guardian's objection, the magistrate declined appellant's request to enter her appearance, stating "[i]f the child needs or wants an attorney, he has a guardian who understands her responsibility to the court * * *." (October 24, 2003 Tr. at 5.)