[Cite as *In re N.B.G.*, 2025-Ohio-4525.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE: N.B.G. | Case No. 2025CA00037 |
| | <u>Opinion And Judgment Entry</u> |
| | Appeal from the Court of Common Pleas, Family Court Division, Case No. 2023JCV01266 |
| | Judgment: Dismissed |
| | Date of Judgment Entry: September 29, 2025 |

**BEFORE:** William B. Hoffman; Andrew J. King; Robert G. Montgomery, Appellate Judges

**APPEARANCES:** KATHALEEN S. O'BRIEN, for Appellant-Grandmother; BRANDON J. WALTENBAUGH, for Appellee-Agency, HOLLY DAVIES, Guardian Ad Litem.

*King, J.*

{¶ 1}   Appellant maternal grandmother and prior legal custodian, S.W., appeals the March 21, 2025 decision of the Stark County Family Court terminating the parents' parental rights and granting permanent custody of the child to appellee, Stark County Job and Family Services ("SCJFS").  We dismiss the appeal.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   In June 2022, the child, N.B.G. born October 2008, was placed in the legal custody of maternal grandmother, S.W., through a private custody action.  Mother of the child is J.H. and was incarcerated; father is N.G.  The child lived with grandmother in Florida for a time until concerns arose about the child's safety while in grandmother's

care. As a result, children services in Florida became involved and the case ended with the child returning to Ohio. Soon after, the child was charged with domestic violence against paternal aunt and father.

{¶ 3} On October 30, 2023, having been found to be a delinquent and dependent child, the child was placed in the temporary custody of SCJFS. SCJFS contacted grandmother and informed her if she wanted to be considered for placement, and because she lived in Florida, she had to comply with the Interstate Compact on the Placement of Children ("ICPC") process. She failed to follow through.

{¶ 4} On September 10, 2024, SCJFS filed a motion for permanent custody of the child. Mother was incarcerated and father declined to care for the child. Grandmother did not move to intervene or file a motion for legal custody. A hearing was held on February 24, 2025. By judgment entry filed March 21, 2025, the trial court terminated all parental rights and granted permanent custody of the child to SCJFS. Findings of fact and conclusions of law were filed contemporaneously with the judgment entry.

{¶ 5} Grandmother filed an appeal with the following assignments of error:

I

{¶ 6} "THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY TO THE STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES (SCDJFS) AS SCDJFS FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT GROUNDS EXISTED FOR PERMANENT CUSTODY AND SUCH DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

II

{¶ 7}   "THE TRIAL COURT ERRED IN GRANTING PERMANENT CUSTODY TO STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES (SCDJFS) AS SCDJFS FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT IT IS IN THE BEST INTERESTS OF THE MINOR CHILD TO GRANT PERMANENT CUSTODY AND SUCH DECISION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I, II

{¶ 8}   In her two assignments of error, grandmother claims the trial court erred in granting SCJFS permanent custody of the child.   Based on grandmother's lack of standing, we dismiss the appeal.

{¶ 9}   "Standing is a threshold question for the court to decide in order for it to adjudicate the action."   *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 77 (1998). Standing "'refers to whether a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy.'"   *State ex rel. Ford v. Ruehlman*, 2016-Ohio-3529, ¶ 56, quoting *Davet v. Sheehan*, 2014-Ohio-5694, ¶ 22 (8th Dist.).   Lack of standing is "a fundamental flaw" that requires "a court to dismiss the action."   *Bank of America, N.A. v. Kuchta*, 2014-Ohio-4275, ¶ 23.

{¶ 10} "Appeal lies only on behalf of a party aggrieved by the final order appealed from."   *Ohio Contract Carriers Association., Inc. v. Public Utilities Commission*, 140 Ohio St. 160 (1942), syllabus.   "'Aggrieved means deprived of legal rights or claims.'" *Snodgrass v. Testa*, 2015-Ohio-5364, ¶ 27, quoting *Cononi v. Mikhail*, 1984 WL 5419, *6 (2d Dist. Jan. 10, 1984).   Grandmother cannot establish she was deprived of a legal right or claim in this case.

{¶ 11} Although the trial court identified grandmother as "legal custodian," it also noted grandmother was "not a party in the matter." *See* March 21, 2025 Judgment Entry at Permanency Finding of Fact No. 1 and Best Interest Finding of Fact No. 13. Any document giving grandmother legal custody of the child is not contained in the record, nor is any document terminating any purported legal custody; there is nothing in the record regarding the involvement of children services out of Florida.

{¶ 12} On October 30, 2023, the child was placed in the temporary custody of SCJFS. In that judgment entry, the trial court noted grandmother was not suitable for placement and awarded temporary custody to SCJFS, noting:

> This award vests in the custodians the following rights and duties: to have physical care and control of the child(ren); to determine where and with whom the child(ren) shall live; to protect, train, and discipline the child(ren); to provide the child(ren) with food, shelter, education, and medical care. The child(ren)'s parent(s) retain certain parental rights, including but not necessarily limited to, the privilege of visitation, consent to adoption, the privilege of determining the child(ren)'s religious affiliation, and the responsibility for support.

{¶ 13} This language tracks the definition of "legal custody" under R.C. 2151.011(B)(21); therefore, at the time of the hearing, SCJFS had legal custody of the child and grandmother was not the legal custodian. Grandmother never filed a motion to intervene or a motion to be named the child's legal custodian. Grandmother is attempting

to appeal the trial court's decision to terminate parental rights to which she is not a party in the case.

{¶ 14} In her appellate brief, grandmother sets forth and argues the factors under R.C. 2151.414 which governs the procedures upon the filing of a motion for permanent custody. An order of permanent custody "divests the natural parents or adoptive parents of all parental rights, privileges, and obligations, including all residual rights and obligations." R.C. 2151.011(B)(31). The statute does not extend to grandparents or other relatives. Third parties interested in attaining custody can move the trial court for legal custody under R.C. 2151.353. In order to request legal custody, a party must file a motion requesting legal custody or be identified as a proposed legal custodian in a complaint or motion prior to the dispositional hearing. R.C. 2151.353(A)(3). A person identified as a proposed legal custodian must sign a statement of understanding for legal custody containing certain criteria. *Id.* Grandmother did not file a motion for legal custody, was not identified as a proposed legal custodian in a complaint or motion, and did not sign a statement of understanding. When SCJFS contacted grandmother early in the proceedings about possible placement, grandmother failed to follow through with the required procedures to be considered. T. at 19-20, 22-24, 26, 29.

{¶ 15} Third parties who do not file a motion to request legal custody do not have standing to appeal a trial court's decision to grant a children services agency permanent custody of a child or children. *In re K.F.*, 2021-Ohio-1183, ¶ 74 (12th Dist.) (because nonparents did not file legal-custody motions, the issue was not before the trial court and also not before the appellate court); *In re Ez.D.*, 2021-Ohio-3041, ¶ 16-17 (8th Dist.) (grandmother who was former legal custodian never filed for legal custody under R.C.

2151.353 and therefore lacked standing to challenge the award of permanent custody to agency); *In re Titionna K.*, 2007-Ohio-1861, ¶ 5 (6th Dist.) (grandmother lacked standing to appeal the permanent custody award as she never moved to intervene and was never made a party to the proceedings); *In re Bailey*, 2001 WL 1782893, *7 (5th Dist. Mar. 15, 2001) (grandmother was not a party and lacked standing to challenge permanent custody decision).  Grandmother may pursue adoption of the child if she so chooses.  T. at 20-21.

{¶ 16} For the reasons stated in our accompanying Opinion, the appeal is DISMISSED.

{¶ 17} Costs to Appellant.

By: King, J.

Hoffman, P.J. and

Montgomery, J. concur.